MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

JOSEPH M. ALIOTO JR. (CABN 215544)
WIL FRENTZEN (LABN 24421)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Joseph.Alioto@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR 13-00818 PJH |
| Plaintiff, | ) <br> ) UNITED STATES' RESPONSE TO <br> ) DEFENDANTS' MOTION FOR DISCLOSURE OF <br> ) ELECTRONIC SURVEILLANCE |
| v. | ) |
| PURVIS ELLIS, ET AL., | ) |
| Defendant. | ) <br> ) |

    The United States respectfully submits this response to Defendants' Motion for Search and Disclosure of Electronic Surveillance (doc. 89).

**INTRODUCTION**

    Defendants move under Section 3504(a) seeking to require the United States to disclose information related to the use of a cell-site simulator on January 22, 2013. However, Section 3504(a) governs the illegal interception of content from phone lines; it does not govern the detection of non-content cellphone signals. Thus, there is no authority for the order Defendants seek and their motion should be denied.

Nevertheless, the United States confirms that a cell-site simulator was used in this case to obtain the general location of an armed suspect at large. Since the United States voluntarily confirms the use of the cell-site simulator, Defendants' motion may also be denied as moot. Even if the use of a cell-site simulator now requires a warrant, its use in this case was under exigent circumstances. The Defendant was thought to be armed and involved in the shooting of an Oakland police officer several hours earlier. The cell records thus were obtained under exigent circumstances and no warrant was required.

## I.   SECTION 3504(a) DOES NOT AUTHORIZE THE RELIEF SOUGHT

Defendants base their motion on the authority of Section 3504(a). But, that provision does not apply here. Section 3504 only relates to unlawful eavesdropping, where the *contents* of phone calls are intercepted without the use of a warrant. Here, Defendants make no claim that conversations were intercepted; rather they assert a phone signal was detected. That type of detection is not considered an "unlawful act" under Section 3504, so the motion should be denied.

Under Section 3504(a), an aggrieved party may claim that certain evidence stems from an "unlawful act." Once such a claim is properly made – through affidavits or other evidence – the responding party must "affirm or deny" the occurrence of the unlawful act. An "unlawful act" is defined with reference to the Wiretap Act and means the "use of any electronic, mechanical, or other device (as defined in section 2510(5) of this title) in violation of the Constitution." 18 U.S.C. § 3504(b). Section 2510(5) only applies to devices used to "intercept" a wire, oral or electronic communication. The term "intercept" requires that "contents" of a wire are acquired.

Here, Defendants' motion does not specify the type of electronic surveillance suspected. However, its attached exhibits reference only the use of a Stingray – the commercial name for a cell-site simulator. While a cell-site simulator is used to detect the location of a cell-phone, it does not generally intercept the *contents* of cell phone conversations. Therefore, since Defendants' only claim of unlawfulness is the use of a device which does not intercept "content," its claim is not covered by Section 3504. Thus, there is no authority for Defendants' motion to require the United States to affirm or deny the use of an unlawful act. Defendants' motion should be denied.

## II.   A CELL-SITE SIMULATOR WAS USED IN THIS CASE

The United States confirms that a cell-site simulator was used in this case to identify the general

UNITED STATES' RESPONSE TO DEFENDANTS' MOTION FOR DISCLOSURE OF ELECTRONIC SURVEILLANCE
CR 13-00818 PJH

location of a suspect's cell phone.  It was not used to intercept contents of phone calls.  Oakland Police Department sought cell phone records from MetroPCS in the early morning of January 22, 2013.  (Def. Mot, Exs. C, D.)  Since the suspects of an officer-involved shooting were still at large, those records were sought under exigent circumstances excusing the failure to obtain a warrant.

## CONCLUSION

The motion should be denied.

Dated: April 20, 2015                                                      Respectfully Submitted,


MELINDA HAAG
United States Attorney


*/s/ Joseph M. Alioto Jr.*

JOSEPH M. ALIOTO JR.
WIL FRENZTEN
Assistant United States Attorneys