MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

JOSEPH ALIOTO (CABN 215544)
WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3705
    FAX: (510) 637-3724
    Joseph.Alioto@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. CR 13-00818 PJH |
| | ) | |
| | ) | |
| v. | ) | UNITED STATES' OPPOSITION TO |
| | ) | DEFENDANT ELLIS' MOTION FOR |
| | ) | DISCLOSURE OF 404(B) EVIDENCE AND FOR |
| PURVIS ELLIS, et al., | ) | DISCLOSURE OF CONFIDENTIAL INFORMANT |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.    INTRODUCTION

Defendant Ellis moves for disclosure of 404(b) evidence and for disclosure of a confidential

informant ("CI"). For the reasons stated herein, the government respectfully submits that the Court

should deny defendant's motion.

1

OPPOSITION TO MOTION FOR DISCOVERY
CR 13-818 PJH

## II.    ARGUMENT

### A.    Disclosure of 404(b) Evidence

The government reiterates its intention to present at trial evidence of defendant Ellis' criminal conduct in 2008.  The government agrees with defendant Ellis that it should produce discovery related to that criminal activity, and it has disclosed much of that discovery in the form of Exhibit B to the United States' Opposition to Defendant Ellis' Motion to Suppress Evidence Obtained from Arrest Warrant, also filed this same day.[1]  That Exhibit consists of incident reports and the court file related to three separate arrests of defendant Ellis in June of 2008 for possession of assault weapons, bullet proof vests, handguns, and narcotics.  The government continues to view this evidence as admissible as enterprise evidence, inextricably intertwined evidence, and, out of an abundance of caution, evidence admissible pursuant to Fed. R. Evid. 404(b).  The government will continue to work with the Oakland Police Department and defendant Ellis to produce all relevant and legally required discovery related to these incidents as soon as the government takes such materials into its possession.  For these reasons, the Court should deem defendant Ellis' requests for discovery on these matters as moot.  Any motions regarding the admissibility of such evidence at trial would properly be the subject of pretrial motions *in limine* following disclosures.

### B.    Disclosure of Confidential Informant

Defendant Ellis has no basis to require the potentially deadly disclosure of a confidential informant ("CI").  The Court has been presented, in connection with the litigation regarding those disclosures of warrants, *ex parte* and *in camera*, un-redacted versions of the search and arrest warrants that included information from the CI.  There can be no question that disclosure of the CI would be

---

[1]   The government will provide the documents to all defendants as Bates-stamped materials as soon as they are processed.

OPPOSITION TO MOTION FOR DISCOVERY
CR 13-818 PJH

incredibly dangerous to the CI, and could have a chilling effect on future CIs coming forward to assist

law enforcement against dangerous criminal organizations.

     For these reasons, the government opposes any such disclosures.  And the law does not require

it.  Under the rule of *Roviaro v. United States*, 353 U.S. 53, 59 (1957), it is well-settled that the

government is under no general duty to disclose the identity of a confidential informant who will not

testify at trial.  Disclosure could be required, but only where a confidential informant will testify at trial

or possesses information or evidence critical to the defense.  *United States v. Gonzalo-Beltran*, 915 F.2d

487, 488-89 (9th Cir. 1990).  A trial court's decision concerning whether to require such disclosure is

reviewed for abuse of discretion.  *Id.* at 488.  The Ninth Circuit has applied a three-factor test in making

its evaluation of whether an informant should be disclosed.  *Id.* at 489.  The three factors are: "(1) the

degree of the informant's involvement in the criminal activity; (2) the relationship between the

defendant's asserted defense and the likely testimony of the informant; and (3) the government's interest

in nondisclosure."  *Id.*

     It is the defense's burden to make a concrete showing that the disclosure of the informant's

identity is 1) relevant and helpful to the accused or is essential to a fair determination of the case, and 2)

that the necessity of disclosure outweighs the substantial public interest in the free flow of information

and the safety of the informant.  *Roviaro*, 353 U.S. at 60-61; *United States v. Williams*, 898 F.2d 1400,

1402 (9th Cir. 1990); *United States v. Sanchez*, 908 F.2d 1443, 1451 (9th Cir. 1990); *United States v.

Wong*, 886 F.2d 252, 255-56 (9th Cir. 1989); *United States v. Johnson*, 886 F.2d 1120, 1122 (9th Cir.

1989).  The showing must be based upon more than mere suspicion or speculation.  *United States v.

Amador-Galvan*, 9 F.3d 1414, 1417 (9th Cir. 1993); *Williams*, 898 F.2d at 1402.

     Viewing this case through those legal concepts makes this an easy call for not disclosing the CI.

The government will not call the CI to testify at trial.  Furthermore, defendant Ellis has not, through his

3

OPPOSITION TO MOTION FOR DISCOVERY
CR 13-818 PJH

briefing, demonstrated anything more than suspicion – only his hope, really – that the CI in this case could possibly be of assistance to the accused.  There is no evidence at all that the CI was involved in the criminal activity that he/she reported to law enforcement in the affidavits for search or arrest warrants.  The government cannot conceive of a manner by which the CI could be called to testify that would be helpful to the accused, and defendant Ellis has not described any such situation.[2]  Finally, the government has a powerful incentive and interest in non-disclosure to keep the CI safe, to maintain the credibility of law enforcement with cooperating informants and civilians who wish to report crimes in general, and to keep CIs providing valuable information – especially under the daunting threat of violent criminal enterprises such as Sem City and these defendants.  On that basis, disclosure would not be warranted.

Absent the raising of some specific information by the defendants, it is, of course, the government's own separate obligation to comply with any *Brady* disclosures.  If this CI had *Brady* information subject to disclosure then the government would have no choice but to make those disclosures.  Here, the CI does not have information that the accused were not part of Sem City, or that any defendants are improperly charged related to the shooting of Victim-1 on January 20, 2013, or the shooting of Victim-2 on January 21, 2013.  That decision, as to whether or not there is any *Brady* information to be had from the CI, is properly left to the government.  *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987) ("in the typical case where a defendant makes only a general request for exculpatory material under *Brady*, it is the [prosecution] that decides which information must be disclosed.  Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final.")  As the Ninth Circuit has held, mere

---

[2]   In fact, if the CI were forced to be disclosed to the defendants and then kept alive to testify during trial, he/she would actually be a devastating government witness during that trial.  Nonetheless, the government seeks to protect the identity of the CI.

OPPOSITION TO MOTION FOR DISCOVERY
CR 13-818 PJH

speculation or suspicion that a confidential informant has information relevant and helpful to a

defendant's case is insufficient to compel disclosure. *United States v. Henderson*, 241 F.3d 638, 645 (9th

Cir. 2000). The government is under an obligation to turn over exculpatory information, but it is not

under an obligation to engage in investigations for the defense. *United States v. Senn*, 129 F.3d 886, 893

(7th Cir. 1997); *United States v. Marrero*, 904 F.2d 251, 261 (5th Cir. 1990). That said, undersigned

counsel understands its *Brady* obligations fully and takes them extremely serious.

Defendants here do not make any showing that the CI could be helpful to their case. Instead,

they argue that he/she is important to the search warrants and that he/she might have information they

want, without showing more. Def. Ellis' Mot. for Discovery at 6-7. Neither of those arguments

amounts to anything more than speculation and guessing without any actual basis or showing of a need

for disclosure of the CI. Since these defendants have made zero showing of any actual need for the

testimony of the CI, the motion for disclosure, respectfully, must be denied.

Defendant Ellis' cited cases do not advance his position. Clearly, cases regarding testifying

confidential informants are inapposite. Def. Ellis' Mot. at 5-6. Defendant Ellis, furthermore, has made

no showing that the CI has any helpful or useful information. Def. Ellis' Mot. at 6.

Defendant tries to cite to *United States v. Feil*, 2011 WL 1399242 (09-863 JSW) (N.D. Cal.

April 13, 2011) as if that decision supports his motion. It does not. In *Feil*, as here, the defendants

moved for disclosure of CI information. The District Court in *Feil* held that the defendants, as in this

case, had done nothing more than to cite to suspicion and speculation regarding whether or not the CIs

had any exculpatory information and denied the motion to disclose without a hearing – subject to the

government calling them to testify at trial and/or the defendants providing more information. *Id.* at *2-

3. *United States v. Amador-Galvan*, 9 F.3d at 1417, does not stand for the proposition it was cited for by

defendant Ellis, that a CI to a search warrant who was important to the warrant should be disclosed

5

OPPOSITION TO MOTION FOR DISCOVERY
CR 13-818 PJH

without more. *Amador-Galvan* is also not helpful to defendant Ellis because, in that case, the court found that the defendants actually "showed the potential relevance and helpfulness to their defense" of learning the identities of the confidential informants, sufficient for an in camera hearing. *Id.* Defendant Ellis has made **no** such showing.

As a result, no hearing is necessary. If a hearing is somehow deemed necessary, it should only be an *ex parte in camera* presentation to the Court. If the Court were to make a finding, based on the paltry showing by defendant Ellis that a hearing were necessary, then the Court may proceed by way of an *ex parte* and *in camera* (1) declaration by the affiant, (2) interview of the affiant, or (3) interview of the CI. *Cervantes v. Roe*, 77 Fed. Appx. 398, 399 (9th Cir. 2003) (upholding a state court decision not to disclose a CI following an in camera review of an officer who interviewed the CI); *see also, United States v. Ross*, 372 F.3d 1097, 1102 (9th Cir. 2004) (court made in camera review of files related to a CI); *United States v. Phillips*, 854 F.2d 273, 277-78 (7th Cir. 1988) (court reviewed government files on informant to determine whether disclosure was necessary). However, it would appear that the preferred method, if a hearing were granted – and the government maintains there has been insufficient showing – is an *in camera ex parte* hearing with the presence of the CI for any appropriate inquiry that the Court feels is necessary. *United States v. Ordonez*, 737 F.2d 793 (9th Cir. 1984). There is no basis for any defendant or counsel to be present should the Court somehow require a hearing, and the government would object to such a procedure.

//

//

//

//

//

6

OPPOSITION TO MOTION FOR DISCOVERY
CR 13-818 PJH

1

### III.   CONCLUSION

2
    For all the foregoing reasons, defendant Ellis' Motion should be denied without a hearing.

3
                             Respectfully submitted,

4
                             MELINDA HAAG
                             United States Attorney

5

DATED:  April 20, 2015

6
                             _____/s/_____

7
                             William Frentzen
                             Joseph Alioto Jr.
                             Assistant United States Attorneys

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO MOTION FOR DISCOVERY
CR 13-818 PJH