MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

JOSEPH ALIOTO (CABN 215544)
WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3705
    FAX: (510) 637-3724
    Joseph.Alioto@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>  v. )<br>)<br>PURVIS LAMAR ELLIS, et al., )<br>)<br>    Defendants. )<br>)| NO. CR 13-00818 PJH<br><br>UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR A BILL OF PARTICULARS (DOCKET # 72, 83 and 87) |

UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR A BILL OF PARTICULARS
CR 13-00818 PJH

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ...................................................................................................................1

    A. The Indictment ..............................................................................................................1

    B. Status of Discovery .......................................................................................................2

III. ARGUMENT .........................................................................................................................3

    A. The Legal Standard .......................................................................................................3

        1. Sufficiency of the Indictment...............................................................................3

        2. Bill of Particulars ................................................................................................4

    B. The Indictment Provides Sufficient Notice to Enable Defendants to Prepare for Trial ..........................................................................................................................5

    C. Defendants' Particularized Requests Should Be Denied ..............................................5

    D. The Government Should Not Be Required To State Its Legal Theory So Far In Advance of Trial ..........................................................................................................12

    E. The Defendant's Demand for Particularization of the Notice of Special Sentencing Factors is Meritless .....................................................................................................13

    F. Defendant's Requests for Particulars of Counts Other than Count One Also Fail ....133

        1. Count Two .........................................................................................................133

        2. Counts Three, Four, and Six .............................................................................14

        3. Counts Five and Seven......................................................................................144

        4. Counts Eight and Nine……………………………………………………...…14

IV. CONCLUSION...................................................................................................................155

UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR A BILL OF PARTICULARS
CR 13-00818 PJH

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Cook v. United States*, 354 F.2d 529 (9th Cir.1965) ................................................................. 8, 9

*Cooper v. United States*, 282 F.2d 527 (9th Cir. 1960) ................................................................ 5

*Hamling v. United States*, 418 U.S. 87 (1974) ............................................................................. 3

*Morgan v. United States*, 380 F.2d 686 (9th Cir. 1967) ............................................................... 5

*Rose v. United States*, 149 F.2d 755 (9th Cir. 1945) .................................................................. 12

*Rubio v. United States*, 22 F.2d 766 (9th Cir. 1927) ................................................................ 7, 8

*Salinas v. United States*, 522 U.S. 52 (1997) ..................................................................... 8, 9, 10

*Todorow v. United States*, 173 F.2d 439 (9th Cir. 1949) ............................................................. 8

*United States v. Garcia,* No. 11-cr-68-EJL, 2012 U.S. Dist. LEXIS 181362, 2012 WL 6623984, at *3 (D. Idaho Dec. 19, 2012) .................. 5

*United States v. Armstrong*, 909 F.2d 1238 (9th Cir. 1990) ....................................................... 12

*United States v. Ayers*, 924 F.2d 1468 (9th Cir. 1991) ................................................................ 4

*United States v. Buckner*, 610 F.2d 570 (9th Cir. 1979) ................................................ 12, 14, 15

*United States v. Chenaur*, 552 F.2d 294 (9th Cir. 1997) ............................................................. 3

*United States v. Davis*, 336 F.3d 920 (9th Cir. 2003) .................................................................. 3

*United States v. DiCesare*, 765 F.2d 890 (9th Cir. 1985) .................................................... passim

*United States v. Fernandez*, 388 F.3d at 1219 ................................................................... 5, 9, 13

*United States v. Feola*, 651 F. Supp. 1068 (S.D.N.Y. 1987) ....................................................... 6

*United States v. Fiander,* 547 F.3d 1036 (9th Cir. 2008) ............................................................. 9

*United States v. Fitzgerald*, 882 F.2d 397 (9th Cir.1989) ............................................................ 3

*United States v. Fort*, 472 F.3d 1106 (9th Cir. 2007) .................................................................. 2

*United States v. Gaskins*, 849 F.2d 454 (9th Cir. 1988) ............................................................ 12

*United States v. Giese*, 597 F.2d 1170 (9th Cir. 1979) ....................................................... passim

*United States v. Gilliam*, 167 F.3d 628 (D.C. Cir. 1999) .......................................................... 14

*United States v. Glecier*, 923 F.2d 496 (7th Cir. 1991) ........................................................ 5, 13

*United States v. Harris*, 792 F.2d 866 (D.C. Cir. 1986) ........................................................... 14

UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR A BILL OF PARTICULARS
CR 13-00818 PJH

1  *United States v. Krogstad*, 576 F.2d 22 (3rd Cir. 1978) .................................................................. 12

2  *United States v. Lester*, 363 F.2d 68 (6th Cir. 1966) ....................................................................... 12

3  *United States v. Long*, 449 F.2d 288 ................................................................................................ 8

4  *United States v. Long*, 706 F.2d 1044 (9th Cir. 1983) .......................................................... 4, 8, 14

5  *United States v. Mitchell*, 744 F.2d 701 (9th Cir. 1984) .................................................................. 4

6  *United States v. Murray*, 527 F.2d 401 (5th Cir. 1976) .................................................................. 8

7  *United States v. Musacchio*, 968 F.2d 782 (9th Cir. 1991) ............................................................. 3

8  *United States v. Parga-Rosas*, 238 F.3d 1209 (9th Cir. 2001) ....................................................... 3

9  *United States v. Patino*, 962 F.2d 263 (2nd Cir. 1992) ................................................................ 14

10  *United States v. Ryland*, 806 F.2d 941 (9th Cir. 1986) .................................................................. 7

11  *United States v. Woodruff*, 50 F.3d 673 (9th Cir. 1995) ................................................................. 3

12  *Wilkins v. United States*, 376 F.2d 552 ........................................................................................... 8

13  *Will v. United States*, 389 U.S. 90 (1967) ....................................................................................... 4

14  *Wong Tai v. United States,* 273 U.S. 77 (1927) ............................................................................ 10

15  *Yeargain v. United States*, 314 F.2d 881 (9th Cir. 1963) ........................................................... 4, 7

### FEDERAL STATUTES, RULES AND REGULATIONS

17  Fed. R. Crim. P. 7(c)(1) .................................................................................................................... 3

18  Federal Rules of Criminal Procedure 7(f) ..................................................................................... 4,5

19  18 U.S.C. § 1591(a) .......................................................................................................................... 1

20  18 U.S.C. § 1959(a)(2) ...................................................................................................................... 2

21  18 U.S.C. § 1962(d) ....................................................................................................................... 1, 5

22  18 U.S.C. § 2 .................................................................................................................................... 12

23  18 U.S.C. § 922(g)(1) ........................................................................................................................ 2

24  18 U.S.C. § 924(c) .......................................................................................................................... 14

25  21 U.S.C. § 841(a)(1) ........................................................................................................................ 1

26  U.S.C. § 1959(a)(3) ....................................................................................................................... 1, 2

27  U.S.C. § 1959(a)(5) ........................................................................................................................... 1

28  U.S.C. § 924(c)(1)(A) ....................................................................................................................... 2

UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR A BILL OF PARTICULARS
CR 13-00818 PJH

**STATE STATUTES**

California Penal Code §§ 187 ........................................................................................................... 1, 2

California Penal Codes §§ 188, 189, 21a, and 664 ............................................................................ 2

California Penal Code §§ 211 ............................................................................................................. 1

## I. INTRODUCTION

The United States respectfully submits this Response to the motions for a bill of particulars filed by defendants Kincaid (Docket #72), Ellis (Docket #83), and McDaniel (Docket #87). Defendant McDaniel seeks evidentiary details relating to Count One. Defendant Ellis seeks evidentiary details relating to Counts One, Two, Three, Four, and Five. Defendant Kincaid seeks evidentiary details relating to Counts One, Two, Three, Four, Five, Six, Seven, Eight and Nine as well as the Special Sentencing Factors. For the following reasons, the defendants' motions are meritless and should be denied in their entirety.

## II. BACKGROUND

### A. The Indictment

On December 19, 2013, the Grand Jury in the Northern District of California returned Indictment 13-CR-00818-PJH (the "Indictment") charging defendants with a variety of crimes relating to their involvement in the racketeering enterprise alleged as Sem City, a street gang and racketeering enterprise that operates in the city of Oakland, California. *See* Indictment (Docket #1).

Count One charges defendants with conspiring to conduct the affairs of Sem City through a pattern of racketeering, in violation of 18 U.S.C. § 1962(d). Count One alleges the pattern of racketeering contemplated as part of the conspiracy consisted of: (1) multiple acts involving murder, in violation of California Penal Code §§ 187, 188, 189, 182, 21a, 664, and 653f; (2) multiple acts involving robbery, in violation of California Penal Code §§ 211, 212.5, 213, 21a, and 664; (3) multiple acts involving distribution and possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1); and (4) multiple acts indictable under 18 U.S.C. § 1591(a), § 2422(b) § 1028, and § 1029. *Id*. at 3-4. Count Two charges defendants with VICAR attempted murder of Victim-1, in violation of 18 U.S.C. § 1959(a)(5). *Id*. at 5-6. Count Three charges defendants with VICAR assault with a dangerous weapon resulting in serious bodily injury, in violation of 18 U.S.C. § 1959(a)(3). *Id*. at

6. Count Four charges defendants with VICAR maiming in violation of 18 U.S.C. § 1959(a)(2). *Id*. Count Five charges defendants with using, possessing, brandishing, and discharging a firearm in furtherance of crimes of violence, as alleged in Counts Two, Three, and Four, in violation of 18 U.S.C. § 924(c)(1)(A). *Id*. at 7. Count Six charges defendants Kincaid, McDaniel, and Pennymon with the January 21, 2013 VICAR assault of Victim-2 with a dangerous weapon resulting in serious bodily injury in violation of 18 U.S.C. § 1959(a)(3). *Id*. at 7-8. Count Seven charges defendants Kincaid, McDaniel, and Pennymon with using, possessing, brandishing, and discharging a firearm in furtherance of a crime of violence, as alleged in Count Six, in violation of 18 U.S.C. § 924(c)(1)(A). *Id*. at 8. Count Eight charges defendant Kincaid with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *Id*. Count Nine charges defendant McDaniel with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *Id*. at 8-9. In addition to the foregoing nine counts, the Indictment also contains a "Notice of Special Sentencing Factors Regarding Count One." The factors are: (1) conspiracy to commit murder of Victim-1 in violation of California Penal Code §§ 187, 188, 189, and 182 and (2) attempted first degree murder of Victim-1 in violation of California Penal Code §§ 187, 188, 189, 21a, and 664. *Id*. at 4.

    **B.**    **Status of Discovery**

As of the date of this filing, the government has provided a wealth of discovery, including more than 4,000 pages of documents, consisting of Oakland Police Department reports, lab reports, medical records, and photos of items seized in the various searches in compliance with Rule 16(a)(1). The United States has also provided materials not required by Rule 16(a)(1), such as law enforcement reports, which are specifically excepted from discovery under Rule 16(a)(2) and *United States* v. *Fort*, 472 F.3d 1106, 1119-20 (9th Cir. 2007). The government has redacted materials for various purposes, including protecting witnesses' identities and other privileges, but left the substance of any statements when possible.

UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR A BILL OF PARTICULARS
CR 13-00818 PJH

2

No disclosures have been made that may compromise the identity of testifying witnesses. These disclosures will be made at the appropriate time and under circumstances as dictated by the Court.

### III. ARGUMENT

**A. The Legal Standard**

1. Sufficiency of the Indictment

Rule 7(c)(1) of the Federal Rules of Criminal Procedure states an indictment:

> must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. [. . .] For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

Fed. R. Crim. P. 7(c)(1). An indictment is sufficient if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Chenaur*, 552 F.2d 294, 301 (9th Cir. 1997) (indictment sufficiently apprises defendant of the charges against him when the words of the indictment fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished). The Ninth Circuit has held repeatedly an indictment tracking the charged offenses' statutory language is generally sufficient. *See*, *e.g.*, *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) (indictment tracking statutory language is generally sufficient); *United States v. Parga-Rosas*, 238 F.3d 1209, 1213 (9th Cir. 2001) (no reason to invalidate the indictment because it did not go further than charging the statutory elements of the offense.); *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995) ("bare bones" information that tracked statutory language was generally sufficient); *United States v. Musacchio*, 968 F.2d 782, 787 (9th Cir. 1991) ("an indictment that sets forth the charged offense in the words of the statute itself is generally sufficient"); *United States v. Fitzgerald*, 882 F.2d 397, 399 (9th Cir.1989) (where indictment

UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR A BILL OF PARTICULARS
CR 13-00818 PJH

tracks the words of the statute charging the offense, the indictment will be held sufficient so long as the words unambiguously set forth all elements necessary to constitute the offense).

### 2. Bill of Particulars

Federal Rules of Criminal Procedure 7(f) provides, "[t]he court may direct the government to file a bill of particulars." The bill of particulars serves "to apprise the defendant of the specific charges being presented to minimize the danger of surprise at trial, to aid in preparation and to protect against double jeopardy." *United States v. Long,* 706 F.2d 1044, 1054 (9th Cir. 1983); *United States v. Giese,* 597 F.2d 1170, 1180 (9th Cir. 1979); *United States v. Mitchell,* 744 F.2d 701, 705 (9th Cir. 1984). The decision whether to grant or deny a request for a bill of particulars is discretionary. *Will v. United States*, 389 U.S. 90, 99 (1967); *Long,* 706 F.2d at 1054; *Yeargain v. United States,* 314 F.2d 881 (9th Cir. 1963).

A bill of particulars is appropriate only when the "indictment is insufficient to permit the preparation of an adequate defense." *United States v. DiCesare*, 765 F.2d 890 (9th Cir. 1985). When deciding whether to order a bill of particulars, the court "should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *Long,* 706 F.2d at 1054. A defendant may not use a motion for a bill of particulars to obtain full discovery of the government's evidence. *Giese,* 597 F.2d at 1181. A defendant is "not entitled to know all the evidence the government intends to produce, but only the theory of the government's case." *Id.* (citing *Yeargain*, 314 F.2d at 882.) Furthermore, full discovery obviates the need for a bill of particulars. *Giese*, 597 F.2d at 1180; *see also United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (upholding denial of motion for a bill of particulars based on the information alleged in the indictment combined with the significant amount of discovery); *Long,* 706 F.2d at 1054 ("[f]ull disclosure will obviate the need for a bill of particulars."). A defendant may not use a bill of particulars to obtain more information than required by discovery rules. *See Giese,* 597 F.2d at 1180;

UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR A BILL OF PARTICULARS
CR 13-00818 PJH

4

*Cooper v. United States*, 282 F.2d 527, 532 (9th Cir. 1960) ("[r]ule 7(f) [. . .] should not be invoked to bring about a result prohibited in effect by Rule 16"); *see also Morgan v. United States,* 380 F.2d 686, 698 (9th Cir. 1967) (bill of particulars "does not entitle a defendant to explore at will all evidence the government may hold against him").

### B. The Indictment Provides Sufficient Notice to Enable Defendants to Prepare for Trial

Without considering the extensive discovery provided to the defense, the nine-count Indictment contains more than the minimum amount of information required by law to permit the defendants to prepare their respective defenses, avoid surprise at trial, and protect against double jeopardy. Another member of this Court has stated, "all that an indictment for a violation of 18 U.S.C. § 1962(d) must allege, is that 'the defendant knowingly joined a conspiracy the objective of which was to operate that enterprise through an identified pattern of racketeering activity.'" *United States v. Ortiz*, 2013 U.S. Dist. LEXIS 181421, 7-8 (N.D. Cal. Dec. 27, 2013) (citing *United States v. Garcia,* No. 11-cr-68-EJL, 2012 U.S. Dist. LEXIS 181362, 2012 WL 6623984, at *3 (D. Idaho Dec. 19, 2012) (quoting *United States v. Glecier,* 923 F.2d 496, 500 (7th Cir. 1991) (internal quotation marks omitted)).

In the VICAR context, the Ninth Circuit has held, "an indictment setting forth the elements of the offense is generally sufficient." *Fernandez,* 388 F.3d at 1219. The Indictment in this case explicitly set forth all the essential elements of a VICAR "status crime" as required by the Ninth Circuit. *Id.* at 1220. The Indictment expressly alleges (1) the criminal organization, Sem City, exists; (2) the organization is a racketeering enterprise; (3) the defendants committed violent crimes; and (4) the defendants acted for the purpose of promoting their position in the racketeering enterprise. *See* Count One. As for counts pertaining to the attempted murder of Victim-1 and the assault of Victim-2, the Indictment provides specific dates. *See, e.g., ¶* 16 (January 20, 2013), ¶ 23 (January 21, 2013).

### C. Defendants' Particularized Requests Should Be Denied

Despite the allegations contained in the Indictment, and despite the fulsome discovery provided,

UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR A BILL OF PARTICULARS
CR 13-00818 PJH

5

the defendants claim they need a bill of particulars in order to understand the charges against them. Defendants are not entitled to a detailed disclosure of either the government's evidence in advance of trial or its trial strategy. Several of defendants' proposed requests improperly seek evidentiary "who, what, when, where, how" details that are clearly beyond the scope of a bill of particulars. (Defendant Kincaid's Motion "Kincaid Mot." 3.) Defendants seek a laundry list of details such as the date each respective defendant joined the conspiracy, what each defendant "allegedly said," a list of specific events the government plans to introduce, a list of Sem City's employees and associates, and "how members of Sem City were expected to protect the 'name, reputation, and status' of the gang." *See, e.g.,* (Kincaid Mot. 1-3; Defendant McDaniel's Motion "McDaniel Mot." 2-3.)

The government has no duty to divulge the precise manner in which the alleged crimes were committed or the manner in which the government will attempt to prove its charges. A defendant has the right to know the offense with which he is charged, but not "the details of how it will be proved." *United States v. Feola,* 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987). Almost all courts considering this issue have found such details as to the "what" and "how" of the government's theories fall squarely outside the bounds of a proper bill of particulars request. *See, e.g., United States v. Cervantes,* 2013 U.S. Dist. LEXIS 95789 (N.D.C.A. July 9, 2013); *United States v. Grass*, 2003 U.S. Dist. LEXIS 5184 (M.D. Pa., Mar. 18, 2003). Courts have routinely denied identical evidentiary requests.

As to the racketeering-related conspiracy charged in Count One, the defendants seek evidentiary details such as: (1) the date each defendant joined the conspiracy and duration of membership in the conspiracy; (2) each defendants' statements establishing a conspiracy; (3) list of Sem City's "employees and associates" and definition of both terms; (4) the names of Sem City's "leaders, shooters, and members;" (5) how members were expected to protect Sem City's name, reputation, and status; (6) each defendant's role in the conspiracy and details of each defendant's involvement (7) specific acts of racketeering each defendant committed; (8) specific acts of racketeering each defendant agreed a co-

UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR A BILL OF PARTICULARS
CR 13-00818 PJH

6

conspirator would commit; (9) specific acts of racketeering co-conspirators committed or agreed to commit including the name, date, time, location, statutory violation, and the manner the act served to promote or preserve the enterprise; (10) the enterprise's specific effect on interstate commerce; (11) date, location, and identification of person(s) who committed acts constituting the pattern of racketeering listed in Paragraphs 4 and 8 of the Indictment; (12) list of specific events mentioned in Paragraphs 9 and 15 of the Indictment including the time, place, participants involved, and the date each participant joined Sem City; and (13) which defendants participated in the murder conspiracy and which defendants aided and abetted the murder conspiracy. (Kincaid Mot. 2-3; McDaniel Mot.; Ellis Mot.)

    First, another member of this Court has held, "defendants are not entitled to the exact dates on which they or alleged conspirators became members of the conspiracies. These details are generally not within the government's knowledge. To require this information, and potentially to limit the proof to that time, would hamper prosecutions unnecessarily." *United States v. Diaz,* 2006 U.S. Dist. LEXIS 95791, *3 (N.D. Cal. June 30, 2006, J. Alsup) (citing *Rubio v. United States,* 22 F.2d 766, 767-68 (9th Cir. 1927)). Although defendants contend "it is probable that some of the defendants were not members of the conspiracy during portions of that seven year period," this argument is unpersuasive in their request for additional information. (Def. Kincaid Mot. at 3.) A bill of particulars should not be used to "determine the exact date on which the conspiracy allegedly began." *DiCesare,* 765 F.2d at 897. As the Ninth Circuit noted, "appellant's request for the 'when, where, and how' of every act in furtherance of the conspiracy was equivalent to a request for complete discovery of the government's evidence, which is not a purpose of the bill of particulars." *Giese,* 597 F.2d at 1181. *See United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986); *Yeargain*, 314 F.2d at 882.

    In *United States v. Alvarez,* this court noted, "as in the recent RICO cases from this district, the defendants' wish list for information extends beyond the purposes of a bill of particulars." 2014 U.S.

Dist. LEXIS 175569 (N.D. Cal. Dec. 19, 2014).  However, the district court granted some of defendant's requests for specification "because the superseding indictment charges a conspiracy with a long and vague time period (since at least the early 1990s) and with a conspiracy that involves members of two affiliated organizations (the 16th and 19th Street Surenos)."  The present Indictment clearly specifies the time period during which the United States believes the defendants were members of the conspiracy to be "from at least in or about 2007, through and including in or about December of 2013" and only alleges involvement of Sem City members.  (Indictment at 3.)

Moreover, the Ninth Circuit has held requests "(1) to obtain the names of any unknown conspirators; (2) to determine the exact date on which the conspiracy allegedly began; and (3) to delineate all other overt acts that comprised the charged activity . . . . do not warrant a bill of particulars."  *DiCesare*, 765 F.2d at 897-98.  *See, e.g., United States v. Long,* 449 F.2d 288, 294–95 (8th Cir.1971) (exact times); *Wilkins v. United States,* 376 F.2d 552, 562–63 (5th Cir.) (names of all coconspirators); *Cook v. United States,* 354 F.2d 529, 531 (9th Cir.1965) (all overt acts).  *See also Giese*, 597 F.2d at 1180 (defendant not entitled to lists of conspiratorial acts performed by each person named in the indictment and which statements created the conspiracy); *Rubio,* 22 F.2d at 768 ("[t]o require the government to set forth every act tending to connect each of the parties charged with conspiracy, and every act committed by each of the parties in furtherance of the object of the conspiracy, would be to require it to make a complete discovery of its entire case."); *Todorow v. United States,* 173 F.2d 439, 448 (9th Cir. 1949) (upholding denial of a motion for a bill of particulars that requested the names of the persons, the time, place, and persons present because the motion called for evidentiary matters.).

Second, defendants' requests for information must be denied under *Salinas v. United States,* 522 U.S. 52 (1997).  In RICO conspiracy cases, "there is no requirement of some overt act or specific act." *Id.* at 63.  The government need not "disclose even all the overt acts in furtherance of the conspiracy." *Giese*, 597 F.2d at 1180 (citing *United States v. Murray,* 527 F.2d 401, 411 (5th Cir. 1976)); *Cook v.*

*United States,* 354 F.2d 529, 531 (9th Cir. 1965). Defendants request specification regarding defendants' statements, specific acts of racketeering, date, location, and identification of person(s) who committed racketeering acts, and specific events mentioned in Paragraphs 9 and 15 of the Indictment (Kincaid Mot. 3; Ellis Mot. 1.) Defendants' requests seek information about certain overt acts; however, defendants are charged in a RICO conspiracy for which no overt acts needs to be proven, much less alleged or particularized. The Supreme Court stated, "a conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense. The partners in the criminal plan must agree *to pursue the same criminal objective* and may divide up the work, yet each is responsible for the acts of each other." *Salinas v. United States, 522 U.S.* at 63-64 (emphasis added). Accordingly, the Supreme Court held, "it suffices that [the defendant] adopt the goal of furthering or facilitating the criminal endeavor. . . . One can be a conspirator by agreeing to facilitate only some of the acts leading to the substantive offense." *Id.* at 65.

The Ninth Circuit has adopted the *Salinas* framework regarding the essential elements of a RICO conspiracy charge. In *United States v. Fiander*, the district court dismissed a RICO conspiracy indictment because the underlying racketeering predicate was based on the Contraband Cigarette Trafficking Act ("CCTA"), under which the defendant could not be prosecuted due to his status as a member of the Yakama Indian tribe. 547 F.3d 1036, 1037-40 (9th Cir. 2008). The Ninth Circuit reversed and held, despite the legal impossibility of the defendant violating the CCTA, he could still be subject to a RICO conspiracy charge predicated on the CCTA because he "knew about and agreed to facilitate the scheme." *See id.* at 1040-41 (quoting *Salinas*, 522 U.S. at 66, additional citations omitted). Moreover, the Ninth Circuit, consistent with *Salinas*, rejects the notion a defendant must have "actually conspired to operate or manage the enterprise" himself. *United States v. Fernandez,* 388 F.3d 1199, 1230 (9th Cir. 2004). The Ninth Circuit held a defendant is guilty of a RICO conspiracy if "the evidence showed [he] knowingly agreed to facilitate a scheme which includes the operation or management of a

UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR A BILL OF PARTICULARS
CR 13-00818 PJH

9

RICO enterprise." *Id.* (internal citation, quotation marks, and alterations omitted). The defendants' requests for specification related to when defendants joined the RICO conspiracy, when and what racketeering acts they and others agreed to commit, and any overt acts plainly contradict *Salinas* and Ninth Circuit case law. The United States does not need to prove overt acts in a RICO conspiracy charge. Consequently, the government should not be required to allege or particularize these overt acts.

In *Wong Tai v. United States,* the Supreme Court upheld the trial court's denial of the defendant's request for a bill of particulars. 273 U.S. 77 (1927). The defendant, charged with conspiracy, filed a motion for a bill of particulars seeking to have the United States set forth with particularity a variety of specific facts regarding the overt acts alleged in the indictment, including the times, places, names, instrumentalities used, and the manner in which and circumstances under which the various acts had been committed. The Supreme Court found the defendant's request "in effect sought a complete discovery of the government's case in reference to the overt acts" alleged in the conspiracy and called "for too much details of evidence." *Wong Tai*, 273 U.S. at 82. Here, the defendants are not entitled to know all the overt acts the government intends to prove at trial. *See Wong Tai,* 273 U.S. at 82 (the government is not required to specify every overt act it intends to prove at trial); *DiCesare,* 765 F.2d at 897 (bill of particulars not warranted when the defendant seeks to obtain, among other things, all the overt acts which comprise the conspiracy)

In *United States v. Diaz,* this court, following the precedent set forth by *DiCesare* and *Wong Tai,* properly denied defendants' requests for such "who, what, when, where" details in their motion for a bill of particulars. 2006 U.S. Dist. LEXIS 95791. In *Diaz*, a federal grand jury indicted 12 members on numerous charges including racketeering conspiracy. The second Superseding Indictment alleged 30 racketeering acts committed by the defendants. Defendants moved for a bill of particulars requesting, among other things, the dates the defendants became members of each alleged conspiracy. This Court denied the request, stating "defendants are not entitled to the exact dates on which they or alleged

UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR A BILL OF PARTICULARS
CR 13-00818 PJH

conspirators became members of the conspiracies." *Id.* The court correctly noted "[t]hese details are generally not within the Government's knowledge." *Id.*

More recently, in *United States v. Cervantes*, this Court held requests almost identical to those here were "within the purview of discovery and do not require specification in a bill of particulars." 2013 U.S. Dist. LEXIS 95789. In *Cervantes*, a federal grand jury indicted eleven defendants on twenty-seven counts relating to affairs of a racketeering enterprise known as "Nuestra Familia."[1] The Court found the *Cervantes* Indictment provided "sufficient information regarding the elements the government intends to prove at trial and thus satisfies the constitutional concerns respecting double jeopardy." *Id.* at *16. The *Cervantes* indictment charged defendants with substantive offenses as additional counts to be proven at trial rather than, as here, only for conspiring to commit offenses. In contrast, the current defendants have not been charged with substantive offenses other than the VICAR crimes associated with the January 20 and 21 incidents. The court noted, the "discovery provided to defendants [. . .] will prevent surprise at trial and allow the defendants to prepare an adequate defense." This court denied the defendants' motion for a bill of particulars based on an insufficient showing defendants could not "prepare his defense adequately due to a lack of discovery."[2] *Id.*

Accordingly, this court should deny those portions of the defendants' particularized requests that seek evidentiary detail. *See, e.g.,* (McDaniel Mot. at 3.) (seeking list of Sem City's "employees and associates," names of Sem City's "leaders, shooters, and members," and how members were expected to

---

[1] Defendants moved for a bill of particulars requesting, among other things, the date the racketeering conspiracy allegedly commenced, the date when each defendant and each of the other "associates, members, and leaders" and others allegedly joined the racketeering conspiracy, the identities of others known by the government who participated in the conspiracy, acts constituting the pattern of racketeering activity; when each defendant agreed that a member of the conspiracy would commit at least two acts of racketeering activity, and specification of the date, location, and nature of each overt act performed in furtherance of the alleged conspiracy. *Cervantes,* 2013 U.S. Dist. LEXIS 95789 at *14–20.

[2] Except as to the phrase "other criminal conduct" as alleged in one paragraph of the racketeering conspiracy charge in which the defendants are alleged to have engaged. The court found "other criminal conduct" to be "too ambiguous to provide notice of any charges beyond those more specifically alleged in the complaint." *United States v. Cervantes,* 2013 U.S. Dist. LEXIS 95789 at *14.

UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR A BILL OF PARTICULARS
CR 13-00818 PJH

protect Sem City's name, reputation, and status.); (Ellis Mot.1) (seeking each defendant's role in the conspiracy, details of each defendant's involvement, and the enterprise's specific effect on interstate commerce).

### D. The Government Should Not Be Required To State Its Legal Theory So Far In Advance of Trial

Without citing any authority, defendants' motions for a bill of particulars request this court order the United States to disclose its legal theories regarding each defendant's specific role in the RICO conspiracy charged in Count One.[3] Additionally, defendants request the government's theory of each defendant's liability regarding various other crimes. *See* (Kincaid Mot 2, 4-6) (seeking generally to know which defendant(s) committed the acts in the underlying charge and which defendant(s) aided or abetted).

The defendants' requests also rely on a misstatement of the law. Requests for the government's "theories of liability" or its theory with regards to each defendant's "role" as charged in specific counts are clearly outside the permissible scope of a bill of particulars. *See United States v. Buckner,* 610 F.2d 570 (9th Cir. 1979) (assuming "all relevant facts were disclosed and available, the government is not obliged to disclose the theory under which it will proceed.") (citing *Rose v. United States,* 149 F.2d 755 (9th Cir. 1945)). "The government is permitted to charge a defendant with both being a principal *and* an aider and abettor." *United States v. Cerna,* 2010 U.S. Dist. LEXIS 81550, *9.

If granted, the defendants' requests would improperly bind the government. The defendants seek

---

[3] In keeping with the provisions of 18 U.S.C. § 2, it has long been held an indictment need not specifically charge "aiding and abetting" or "causing" the commission of an offense against the United States, in order to support a jury verdict based upon a finding of either. All indictments must be read in effect, then, as if the alternatives provided by § 2 were embodied in each count thereof. *United States v. Armstrong*, 909 F.2d 1238, 1241-42 (9th Cir. 1990) (citing *United States v. Lester*, 363 F.2d 68, 72 (6th Cir. 1966); *see Gaskins*, 849 F.2d 454, 459 (9th Cir. 1988); *United States v. Krogstad*, 576 F.2d 22, 28-29 (3rd Cir. 1978)). Although the elements necessary to convict an individual as a traditional principal differ from the elements necessary to show the individual aided and abetted that crime. *Gaskins*, at 459-60. This difference does not prevent aiding and abetting from being implied in every indictment for a substantive offense. The "difference between causing and aiding and abetting alone does not prevent either or both theories from being implied in an indictment." *Armstrong*, at 1241-42..

UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR A BILL OF PARTICULARS
CR 13-00818 PJH

to have the United States disclose its case through a bill of particulars in a way prohibited by law. Requiring the government to provide its legal theory of the case, so far in advance of trial, unduly restricts the United States and hampers its ability to present its case.  Accordingly, the defendants' requests for the government's legal theories should be denied.

### E. The Defendant's Demand for Particularization of the Notice of Special Sentencing Factors is Meritless

The defendants contend the Notice of Special Sentencing Factors requires particularization and they demand to know "which defendant(s) actually committed the act(s) underlying the attempted [. . .] charge and which defendant(s) aided or abetted those acts."  (Kincaid Mot. 4.)  The defendants' motions seek the United States' legal theory and should be denied.  *See* Section III(D) *supra*.

### F. Defendant's Requests for Particulars of Counts Other than Count One Also Fail

#### 1. Count Two

"[A]n indictment setting forth the elements of the offense is generally sufficient" for VICAR counts.  *Fernandez,* 388 F.3d at 1219.  The Indictment in this case expressly incorporates all the essential elements of a VICAR "status crime" as required by the Ninth Circuit.  *Id.* at 1220.  It alleges (1) the criminal organization, Sem City, exists; (2) the organization is a racketeering enterprise; (3) the defendants committed violent crimes; and (4) the defendants acted for the purpose of promoting their position in the racketeering enterprise.  *See* Indictment.  The government should not be required to provide additional information regarding the specific predicate acts alleged in the Indictment.  The district court "explicitly rejected [defendant's] argument [. . .] the specific predicate acts to which a RICO conspiracy defendant is alleged to have agreed constitute elements of the offense or otherwise must be set forth in a RICO conspiracy indictment."  *United States v. Glecier*, 923 F.2d 496, 499 (7th Cir. 1991).

The defendants seek the government's legal theories regarding defendant Ellis's specific role in the attempted murder in aid of racketeering as charged in Count Two.  This seeks the government's

UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR A BILL OF PARTICULARS
CR 13-00818 PJH

13

theory of defendant Ellis's liability to which the defendants are not entitled. *See, e.g., Buckner,* 610 F.2d 570; *Diaz*, 2006 U.S. Dist. LEXIS 95791 at *6.

    2.    Counts Three, Four, and Six

Defendants' requests for specification with respect to the dangerous weapon used and the injury seek impermissible evidentiary detail. *See, e.g., Giese,* 597 F.2d at 1180. *See supra*. Nonetheless, the United States has provided more than sufficient detail regarding the January 20, 2013 and January 21, 2013 incidents in both the Indictment and subsequent discovery. *See Long,* 706 F.2d at 1054. Victim-1 was shot in the head. Victim-2 was pistol-whipped repeatedly in the head and shot in the left forearm. There can be no serious double jeopardy concern about an assault on a specific date: a defendant either knows he was present and committed the assault on that date or he did not. The weapon used does not change the defendant's liability or participation in the activity. Additionally, the defendants seek evidential details and the government's legal theory to which the defendants are not entitled. *See, e.g., Buckner,* 610 F.2d at 570; *Diaz*, 2006 U.S. Dist. LEXIS 95791 at *6.

    3.    Counts Five and Seven

The United States need not allege a particular type, make, and serial number of firearm. This is evidentiary detail that is not an element of the offense.[4] Nonetheless, the United States has provided sufficient detail in both the Indictment and subsequent discovery to put the defendants on notice that firearms were used in the attempted murder and assault of Victim-1 and the assault on Victim-2. The United States has specified the date on which the defendants possessed the firearm, January 20, 2013 and January 21, 2013, and defendants have the police reports related to both incidents. *See Long,* 706

---

[4] 18 U.S.C. § 924(c) does not require a defendant possessed or used a *specific* firearm. *See, e.g.*, *United States v. Gilliam*, 167 F.3d 628, 637 (D.C. Cir. 1999) (affirming 924(c) conviction based on circumstantial evidence guns were used during robbery even though there was no direct evidence that two particular firearms recovered were the specific ones used); *United States v. Patino*, 962 F.2d 263, 265 (2nd Cir. 1992) (holding witness testimony about the defendant's use of a generic "gun" was sufficient to establish a violation of 924(c) although no firearm was presented into evidence); *United States v. Harris*, 792 F.2d 866, 868 (D.C. Cir. 1986) (upholding sufficiency of evidence for 924(c) conviction even though no firearm was put into evidence and even though witness testimony about firearm was vague and uncertain regarding the type of firearm used).

UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR A BILL OF PARTICULARS
CR 13-00818 PJH

F.2d at 1054.  Additionally, defendants seek evidentiary detail and the government's legal theory, both of which the defendants are not entitled to at this juncture, as described above.  *See DiCesare,* 765 F.2d at 897.  *See, e.g., Buckner,* 610 F.2d 570; *Diaz*, 2006 U.S. Dist. LEXIS 95791 at *6.  This is clearly not a proper basis for a bill of particulars.

4. Counts Eight and Nine

The defendants seek information that is accessible to the public and to himself and for which he has received discovery – regarding what prior felonies they have.  (Kincaid Mot. at 6).  Moreover, defendants are in a better position to access information about their previous felony conviction than the government.  Nonetheless, the government has provided discovery to defendants regarding their prior criminal history.

### IV.  CONCLUSION

For all the foregoing reasons, the defendants' Motions should be denied.

DATED: May 15, 2015                     Respectfully submitted,

                                        MELINDA HAAG
                                        United States Attorney


                                        _____/s/_____
                                        William Frentzen
                                        Joseph Alioto
                                        Assistant United States Attorneys

UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR A BILL OF PARTICULARS
CR 13-00818 PJH

15