MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

JOSEPH M. ALIOTO JR. (CABN 215544)
WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
Facsimile: (591) 637-3724
joseph.alioto@usdoj.gov; william.frentzen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PURVIS LAMAR ELLIS, et al., ) <br> ) <br> Defendants. ) | CR-13-00818 PJH <br><br> **UNITED STATES' RESPONSE TO DEFENDANT ELLIS' MOTION TO SUPPRESS EVIDENCE SEIZED PURSUANT TO ARREST AND FOR *FRANKS* HEARING** |

**TABLE OF CONTENTS**

STATEMENT OF FACTS ...................................................................................................................1

ARGUMENT .......................................................................................................................................4

I.   The arrest warrant supported a finding of probable cause and did not contain a "material false statement." ..............................................................................................4

   A.   The reference to Defendant's prior conviction was not a materially false statement and does not invalidate the issued arrest warrant. ..............................5

   B.   The remaining information further substantiated probable cause and established a factual nexus between the Defendant and the criminal activity. ....................8

II.  Defendant fails to satisfy the legal requirements for a *Franks* hearing. ........................10

III. Even if the arrest warrant was invalid, the good faith exception to the exclusionary rule applies under these circumstances. ..........................................................................11

CONCLUSION .................................................................................................................................11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Franks v. Delaware*, 438 U.S. 154 (1978) .................................................................................. 1, 4

*Gerstein v. Pugh*, 420 U.S. 103 (1975) ............................................................................................ 4

*Giordenello v. United States*, 357 U.S. 480 (1958) ........................................................................ 4

*Henry v. United States*, 361 U.S. 98 (1959) ................................................................................... 4

*Illinois v. Gates*, 462 U.S. 213 (1983) ............................................................................................ 5

*Johnson v. United States*, 333 U.S. 10 (1948) ................................................................................ 5

*Malley v. Briggs*, 475 U.S. 335 (1986) ........................................................................................... 4

*Massachusetts v. Upton*, 466 U.S. 727 (1984) ............................................................................... 5

*United States v. Hammett*, 236 F.3d 1054(9th Cir. 2001), ............................................................. 8

*United States v. Leon*, 468 U.S. 897 (1984) ............................................................................. 1, 11

*United States v. Smith*, 588 F.2d 737 (9th Cir. 1978) ..................................................................... 7

*United States v. Stanert*, 762 F.2d 775 (9th Cir. 1985) ............................................................... 10

## STATE STATUTES

California Penal Code 12022(c) .................................................................................................. 3, 6

The United States respectfully submits this response to defendant Ellis' motion to suppress evidence seized pursuant to his January 22, 2012, arrest and for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Defendant argues the warrant issued by a magistrate judge lacked probable cause due to a single allegedly false statement contained in the affidavit regarding a prior criminal conviction. Defendant, however, is attempting to leverage a slight and immaterial misstatement regarding his criminal history to try to tarnish an appropriate arrest warrant. The disputed reference to defendant Ellis' criminal history, was neither intentionally false nor material. Further, there was more than probable cause to arrest him specified in the affidavit with or without the disputed criminal history. In the alternative, the good faith exception under *United States v. Leon*, 468 U.S. 897 (1984), permits admission of evidence even if the warrant were somehow deemed defective.

**STATEMENT OF FACTS**

On January 21, 2013, an officer with the Oakland Police Department ("the Officer") responded to a report that a vehicle, suspected to be the getaway car in an attempted murder that occurred the previous day, was parked in the apartment complex on 1759 Seminary Avenue in Oakland. Affidavit in Support of Arrest Warrant, attached hereto as Exhibit A. When the Officer entered the apartment complex parking lot he was confronted by three suspects. A struggle ensued and the Officer was pulled from his vehicle, at which point he was pistol-whipped in the head by the suspects. The officer was also shot in the left wrist. Two pistols, a Glock 22.40 and a Glock 27.40, were taken from the officer during the altercation.

Following the incident, OPD Officer Valle received information from a confidential informant ("CI") regarding the attempted murder of the Officer. It was related to Officer Valle that, shortly after the shooting, the informant received information that "'Tay Tay' and 'Lil' Dame' just shot someone in the driveway of the apartment complex." Ex. A. The informant verified that those were the monikers of defendant Kincaid and McDaniel and added, "'Lil Joe' and 'B.O.T' were also in the driveway when the

UNITED STATES' RESPONSE TO DEFENDANT ELLIS' MOTION TO SUPRESS EVIDENCE
CR-13-00818 PJH

1

shooting happened." *Id.* The CI also confirmed that "B.O.T." was defendant Ellis' street moniker and that he resided in apartment 212 at 1759 Seminary Avenue.

Based on the conversation with the CI and the circumstances of the shooting, Officer Valle and the affiant of the arrest warrant, Sergeant Nolan, believed that there was probable cause that "the gun that was possibly used to shoot [the Officer with was] inside Ellis's apartment." Ex. A. On January 22, 2013, a magistrate judge issued a warrant authorizing the search of apartments 108, 110, and 212. The search of apartment 212 specifically "yielded the two Glock handguns that were taken from Officer [Redacted] during his struggle." Ex. A. The recovery of the Officer's guns from apartment 212 corroborated the CI's statements. In addition to discovering the guns heisted from the assaulted officer, officers conducting the search founds keys to the suspected getaway car and a cell-phone and boxers belonging to defendant Ellis.

After the legal search of all three apartments, Oakland police officers obtained an arrest warrant for defendant Ellis, who was believed to be a resident of apartment 212, the driver of the getaway car from the January 20, 2013 attempted murder, and a participant in the assault and attempted murder of the Officer. Although the arrest warrant contained substantial information also used in obtaining the antecedent search warrant, more information was provided by the affiant to substantiate the arrest.

Specifically, the affidavit for the arrest warrant included the results of the search of the residence, including the Officer's firearms. The affidavit for the arrest warrant also detailed Defendant Ellis's prior criminal activities and criminal street gang associations. The affidavit references defendant Ellis's association with the extremely violent Gas Team gang and his involvement with an Oakland street gang called "Acorn Gang."[1] Ex. A.

> I know from past investigations that Purvis Ellis was associated with the extremely violent Gas Team gang years ago and that his name has been associated with gangs known to commit shootings with great regularity. I know that search warrants have been served on Ellis that yielded the seizure

---

[1] During a joint investigation of the "Acorn Gang" by OPD and Alameda District Attorney's Office, defendant Ellis was one of the members targeted, wiretapped, prosecuted, and convicted.

UNITED STATES' RESPONSE TO DEFENDANT ELLIS' MOTION TO SUPRESS EVIDENCE
CR-13-00818 PJH

of firearms in the past. Notably report # 08-55051. In June 2008, The Oakland Police Department partnered with the Alameda County District Attorney's Office and conducted a criminal investigation on a criminal street gang that operated in Oakland called the Acorn Gang. Wiretaps were used and one of the targets of the wiretaps was Purvis Ellis.

On 6Jun08, Oakland Police Lieutenant T. Jones executed a search warrant on a vehicle Purvis Ellis was believed to be storing weapons. 4 Assault Rifles were recovered from the trunk of the vehicle, 1995 Lexus SC 400 2D Green. The vehicle was registered to Jabulani Williams who lived at 5944 Bromley #B. The vehicle was parked in the 5900 block of Bromley. Officers knew from the wiretaps that Ellis lived in the 5900 block of Bromley Street and he later admitted on the wiretaps that the rifles belonged to him. Ellis was later convicted of possessing those Assault Rifles. This case is documented on OPD RD# 08-055051[2].

Ex. A.

On October 14, 2009, in connection with that June 6, 2008, vehicle search as well as **two other criminal arrests all committed within one week**, defendant Ellis pleaded guilty to possession for sale of cocaine base, in violation of 11351.5 of California's Health and Safety Code, as well as a gun enhancement pursuant to California Penal Code 12022(c). Ex. B. While it is technically correct that defendant Ellis entered a guilty plea to an offense other than possessing an assault rifle, the assault rifle charges were only dismissed in connection with defendant Ellis entering a guilty plea to the offenses of possessing cocaine for sale and being armed with a firearm. The factual underpinnings of the statements in the affidavit are entirely true and defendant Ellis did plead guilty in conjunction with, and in order to achieve a dismissal of, assault weapons charges, which were contained in Count Eleven of the Complaint against defendant Ellis. Ex. B. He did, in fact, also plead guilty to a firearms enhancement which carried a 4 year sentence in addition to the 4 year sentence for possession of cocaine for sale. Ex. B. Defendant was arrested for that offense on June 12, 2008, only six days after he was arrested for the assault weapons.

The contents of the affidavit for arrest warrant, including the search of the apartments at 1759 Seminary Avenue and defendant's criminal history, were considered by the magistrate judge and

---

[2] The Court may note that the number used in the arrest warrant affidavit does not correlate to the "RD" number of the incident report contained in Exhibit B. This is a simple typographical error as the number cited in the affidavit does correlate to the arrest number for the June 6, 2008, arrest of defendant Ellis.

UNITED STATES' RESPONSE TO DEFENDANT ELLIS' MOTION TO SUPRESS EVIDENCE
CR-13-00818 PJH

3

affirmed as sufficient to establish probable cause for the arrest of Defendant Ellis. OPD arrested defendant Ellis pursuant to the issued warrant.[3]

## ARGUMENT

### I. The arrest warrant supported a finding of probable cause and did not contain a " material false statement."

Under the Fourth Amendment, a valid arrest warrant may be issued upon a showing to the issuing authority that there is probable cause for arrest. *Henry v. United States*, 361 U.S. 98 (1959). In the context of an arrest warrant, this means probable cause to believe that "an offense has been committed and that the defendant has committed it." *Giordenello v. United States*, 357 U.S. 480, 485 (1958). "The standard for arrest is probable cause, defined in terms of facts and circumstances sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975).

The showing of probable cause need not be "'truthful' in the sense that every fact recited in the affidavit is necessarily correct." *Franks v. Delaware*, 438 U.S. 154, 165 (1978). The showing, however, must be "'truthful' in the sense that the information is believed or appropriately accepted by the affiant as true." *Id*. Further, where an arrest is made pursuant to a warrant, the arrest violates the Fourth Amendment if "a reasonably well-trained officer . . . would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." *Malley v. Briggs*, 475 U.S. 335, 345 (1986).

---

[3] To the government's observation, defendant Ellis fails to actually specify any evidence that he believes should be suppressed as a result of his Motion. Even defendant Ellis' proposed order does not actually specify any specific items of evidence or statements that should be suppressed. To this extent, he has totally failed to specify any remedy and permit the government to argue other grounds for admission of the evidence, such as inevitable discovery, probation or parole search, excited utterance for any statements sought to be suppressed, and on and on. Defendant Ellis' Motion should be denied for failure to state any remedy. Should the Court determine that there was any defect to the arrest warrant sufficient to require a hearing – and the government contends there is no such basis – then defendant Ellis should be required to submit briefing regarding which evidence he contends should be suppressed to allow the government to make any appropriate additional arguments against suppression. The government suspects no such specification will be necessary given that defendant has not made sufficient showing of any significant defect in the affidavit.

UNITED STATES' RESPONSE TO DEFENDANT ELLIS' MOTION TO SUPRESS EVIDENCE
CR-13-00818 PJH

4

When the police arrest or search **with** a warrant, the probable cause determination is made by a "neutral and detached magistrate" in the first instance. *Johnson v. United States*, 333 U.S. 10, 14 (1948). While this is open to challenge by a defendant through a motion to suppress evidence because the warrant was in fact not issued upon probable cause, the new assessment of probable cause must be made on the information presented to the magistrate at the time the warrant was issued. *Massachusetts v. Upton*, 466 U.S. 727, 732-33 (1984) (applying the holding in *Illinois v. Gates*, 462 U.S. 213 (1983)). Given the strong preference for use of arrest warrants, when executed, there is an equally strong deference to the magistrate judge who made the "informed and deliberate determination[]"of probable cause. *Id*. This "deference to the decision of the magistrate to issue a warrant" means that a reviewing court should not conduct "a *de novo* probable cause determination," but instead, merely decide "whether the evidence viewed as a whole provided a 'substantial basis' for the magistrate's finding of probable cause." *Id.*

Here, a neutral and detached magistrate, based on probable cause that defendant Ellis, alongside his co-defendants, aided in the assault and attempted murder of the Officer, issued a valid arrest warrant. Stemming from that incident and insight from a reliable CI, there was also probable cause to believe defendant Ellis possessed the firearms taken from the Officer. The arrest warrant references a prior criminal conviction that stemmed from defendant Ellis' possession over the course of several days of several firearms, including assault rifles. The prior conviction was obviously not the only basis for probable cause and was provided by the affiant to the best of his knowledge and in a manner consistent with the underlying incident reports and Complaint against defendant Ellis. Exh. B.

### A. The reference to Defendant's prior conviction was not a materially false statement and does not invalidate the issued arrest warrant.

Defendant argues that the affidavit in support of the arrest warrant failed to establish probable cause to arrest defendant Ellis because it included material false information regarding his criminal history. Def. Motion at 1. This allegedly "material false information" was the reference in the affidavit

UNITED STATES' RESPONSE TO DEFENDANT ELLIS' MOTION TO SUPRESS EVIDENCE
CR-13-00818 PJH

5

to a June 6, 2008 incident in which Defendant Ellis's vehicle was searched, uncovering assault rifles, which led to a subsequent conviction for possession of cocaine for sale and a firearms enhancement. Defendant contends that his subsequent conviction was for possession for sale of cocaine base under 11351.5 of California's Health and Safety Code and a gun enhancement under 12022(c), but that the plea did not involve an assault rifle. This is a distinction without a difference because irrespective of the types of guns referenced in the affidavit, defendant Ellis received a four-year sentence enhancement for possession of firearms.

According to the incident report from that June 6, 2008 vehicle search, assault rifles were indeed recovered from Defendant Ellis's car. Ex. B, OPD RD # 08-042185 (listing the various types of guns and rifles taken from defendant Ellis and a vehicle to which he had the key during the search, including a "Universal M1 .30 cal carbine rifle . . . loaded with 20 rounds of ammunition"; a "Ruger Mini-14 rifle, .223 Cal."; a Norinco SKS rifle 7.62 X 39mm . . . loaded with 38 rounds of ammunition"; and a "Smith & Wesson Model 469 9mm semi-auto handgun . . . loaded with one round in the chamber and 12 rounds in the magazine"). Those firearms were alleged in the Complaint, despite the fact that Defendant Ellis ultimately entered a guilty plea to possession for sale of cocaine base with a concurrent gun enhancement in order to dismiss certain counts related to the assault weapons. In total, he received an eight-year sentence. The underlying facts of the incident report, i.e. the recovered rifles, are consistent with the affiant's mention in the arrest warrant that defendant Ellis was connected with assault weapons.

Even if the reference in the affidavit to Defendant Ellis's prior conviction were wholly inaccurate, and it was not, that would not legally invalidate the warrant. A showing of probable cause does not require iron clad accuracy or correctness. Rather, the test is whether a reasonably well-trained officer or affiant, at the time, believed or appropriately accepted the information as true. The affiant here was merely stating what he understood regarding one of defendant's prior arrests involving firearms.

UNITED STATES' RESPONSE TO DEFENDANT ELLIS' MOTION TO SUPRESS EVIDENCE
CR-13-00818 PJH

In fact, had the affiant correctly recited all of defendant Ellis' criminal activities, then there would have been even more probable cause for the issuance of the arrest warrant. That is true because the full course of events was as follows:

- On June 6, 2008, defendant Ellis was arrested for possession of the assault weapons and rifles listed above, a bullet proof vest, narcotics, and narcotic related paraphernalia. Ex. B, RD #08-42185.
- On June 7, 2008, defendant Ellis was searched and found to be in possession of $950 U.S. Currency and powder cocaine. Ex. B, RD #08-42333.
- On June 12, 2008, defendant Ellis was searched and found to be in possession of a handgun stuck in his pants along with 29 clear plastic "twists," each containing crack cocaine and other narcotics. Ex. B, RD #08-043735.

All of these incidents were charged collectively in the Complaint against defendant Ellis. Ex. B. While it is true that defendant Ellis appears to have been permitted to enter a guilty plea to the June 12, 2008, incident and obtain dismissal of the remaining charges, that does not mean that the affiant's misstatements were intentionally false. In fact, had the affiant correctly described the full scope of defendant Ellis' conduct during this approximate week-long one man crime spree, not just the June 6, 2008, incident, then the probable cause for his arrest would have been more substantial, not less.

Ultimately, this is much ado about nothing. And defendant Ellis has not been able to make any showing that the affiant acted intentionally or with reckless indifference to the truth, rather than out of mistake or accident. "[M]isstatements resulting from negligence or good faith mistakes will not invalidate an affidavit which on its face establishes probable cause." *United States v. Smith*, 588 F.2d 737, 740 (9th Cir. 1978). As stated in *Franks* itself, "there must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *Franks*, at 171. Here, defendant Ellis has offered no such proof. Nor could such proof exist where the

UNITED STATES' RESPONSE TO DEFENDANT ELLIS' MOTION TO SUPRESS EVIDENCE
CR-13-00818 PJH
7

fully accurate rendition of defendant Ellis' conduct and the resulting convictions is not just the equivalent of the truth, but is actually worse than that described in the affidavit.  As in *United States v. Hammett*, 236 F.3d 1054, 1058 (9th Cir. 2001), *overruled on other grounds, United States v. Perea-Rey*, 680 F.3d 1179, 1187 (9th Cir. 2012), in this case "the record offers abundant evidence suggesting that the misstatement . . . was the product of honest mistake."

### B. The remaining information further substantiated probable cause and established a factual nexus between the Defendant and the criminal activity.

Even without the information regarding whether defendant Ellis' prior conviction was for assault weapons or for narcotics dealing with a gun enhancement and in exchange for dismissal of the assault weapons charge, the remainder of the affidavit supports a finding of probable cause.  Defendant Ellis argues that the arrest warrant lacked probable cause because it failed to set forth the necessary factual nexus between Defendant Ellis and the criminal activity for which he was arrested.  The remaining information cited in the arrest warrant affidavit — the information from a reliable CI and the contents recovered from the legal searches of the 1759 Seminary Avenue apartments — precisely established the factual nexus between defendant Ellis and both the attempted murder from January 20, 2012 that the Officer was investigating and the assault and attempted murder of the Officer the following day.

The statement given to OPD Officer Valle by a reliable CI "that [defendant] Deante Kincaid put the gun that was taken from Officer [Redacted] and the gun that was possibly used to shoot him with [sic] inside Ellis' [sic] apartment" served as part of the factual nexus.  That statement alone connected defendant Ellis to the criminal activity, and was corroborated by the legal search of apartment 212. The search led OPD to the Officer's stolen firearms, proof that one of the suspects or residents of that apartment had stashed it there, just as the CI had indicated. That search also uncovered keys from the rental car suspected as the getaway car in the January 20, 2013 attempted murder, as well as boxers and other clothing belonging to defendant Ellis.  This further corroborated the CI's statement that defendant Ellis was seen driving the car affiliated with the criminal activity and that he resided at 1759 Seminary

Avenue.  Also, the fact that the CI was able to identify the defendants, including Ellis, by picture and street moniker demonstrated that the CI had a basis of knowledge for the information conveyed to OPD and later used to establish probable cause.

In terms of the general statements made by the affiant regarding defendant Ellis's criminal history and gang affiliations, those are also considered for purposes of probable cause.  Contrary to Defendant's characterization that these statements were "conclusory," the affiant provided the magistrate with insight regarding criminal street gangs with which defendant affiliated.  While these insights alone do not equate to probable cause, when paired with the CI's corroborated statements and the fruits of the apartment searches, there is no question that probable cause existed to arrest defendant Ellis and any evidence from that arrest should not be suppressed.

Lastly, defendant Ellis highlights that the first two and a half pages of the arrest warrant affidavit are identical to the search warrant affidavit.  Def. Mot. 5.  This is because, justifiably so, the same probable cause that provided for a search warrant also applied to the issuance of an arrest warrant for defendant Ellis, one of the suspects believed to be involved in the assault and attempted murder of the Officer.[4]  Both warrants stem from the same incident and, if anything, the reiteration of the prevalent circumstances surrounding the incident embodies good police practice.  The arrest warrant in this case was by no means defective and provided a basis for probable cause that defendant Ellis was involved in the criminal activity and that the Officer's stolen Glock firearms were in his apartment.  The recovery of those firearms from the legal search of apartment 212, in addition to the CI's corroborated information and Defendant Ellis's violent criminal history, indicated he was involved in the assault and attempted murder of the Officer.  Based on these circumstances, this Court should defer to the decision of the

---

[4] As the government has identified in its concurrent Response to Defendant's Motion to Suppress Evidence Pursuant to Search Warrant, the search was also supported by probable cause and the physical fruits of that search are admissible and contributed to a finding of probable cause to arrest defendant Ellis and his co-defendants.

UNITED STATES' RESPONSE TO DEFENDANT ELLIS' MOTION TO SUPRESS EVIDENCE
CR-13-00818 PJH

magistrate judge issuing the arrest warrant, which was supported by probable cause, and allow evidence resulting from the warrant to be admissible in court.

## II. Defendant fails to satisfy the legal requirements for a *Franks* hearing.

In Defendant Ellis's present motion, he also moves for a *Franks* hearing to challenge the veracity of statements in the arrest warrant affidavit in an evidentiary hearing. Def.'s Mot. at 12. Specifically, defendant challenges the reference to his previous criminal conviction and "false claim" that the conviction was based on possessing assault rifles. To justify a *Franks* hearing, a defendant must first make a "substantial showing" that the affiant intentionally or recklessly omitted a material fact that was "required to prevent technically true statements in the affidavit from being misleading." *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985). Second, "[a] defendant challenging an affidavit must also show that the affidavit purged of those falsities and supplemented by the omissions would not be sufficient to support a finding of probable cause." *Stanert*, 762 F.2d at 782.

First, Defendant Ellis fails to make even a reasonable showing, much less a substantial one, that the affiant in this case acted intentionally or recklessly in producing the arrest warrant affidavit. He does not demonstrate how the affiant omitted any fact, much less a material one regarding his criminal history and prior conviction. The Defendant also does not explain how such an omission would prevent a technically true statement in the affidavit from being misleading.

Second, defendant Ellis also fails the second prong of the *Franks* analysis: a showing that the affidavit cannot support a finding of probable cause without the allegedly false or misleading information. *See Franks*, 438 U.S. at 155-56. Had the affiant produced the exact conviction resulting from the June 6, 2008 vehicle search, probable cause remained to arrest him based on the remaining information in the affidavit. There was a factual nexus, later corroborated by evidence obtained from a valid search of apartment 212, which demonstrated that defendant Ellis resided there, was involved in the shooting of the Officer, and had stored the stolen Glock firearms in his apartment. This is in

UNITED STATES' RESPONSE TO DEFENDANT ELLIS' MOTION TO SUPRESS EVIDENCE
CR-13-00818 PJH

10

addition to the established knowledge of the affiant himself regarding defendant Ellis' criminal history and violent gang associations. Defendant's request for a *Franks* hearing should therefore be denied.

### III. Even if the arrest warrant was invalid, the good faith exception to the exclusionary rule applies under these circumstances.

Even evidence obtained pursuant to a defective warrant may nonetheless be admissible under the "good faith" exception to the exclusionary rule. *Leon*, 468 U.S. at 913. The exception applies where an officer acted in reasonable reliance on a "warrant issued by a neutral magistrate but ultimately found to be invalid." *Id.* at 922-23. Although the warrant here is valid, should the Court find a lack of probable cause, the evidence obtained from the arrest warrant is still admissible under the good faith exception because at the time officers were acting under the reasonable belief that their actions were based in probable cause and certified by a neutral and detached magistrate.

The officers here were not dishonest or reckless in preparing the affidavit. They did not include any deliberately false misrepresentations in order to arrest defendant Ellis. Instead, they reasonably relied on an established CI, fruits of a valid search, and the defendant's extensive criminal history to successfully link him to the criminal activity conducted at 1759 Seminary Avenue. Weighing all of these considerations and the circumstances of the assault and attempted murder of the Officer, any reasonably well-trained officer would have believed that there was probable cause to arrest defendant Ellis.

**CONCLUSION**

For the foregoing reasons, the government respectfully submits that defendant Ellis' motion to suppress evidence stemming from his arrest should be denied without a *Franks* hearing. Should the Court require any further litigation on this subject, then defendant Ellis should be required to indicate what evidence he believes should be suppressed to allow any appropriate further briefing.

///

///

DATED: May 15, 2015                  Respectfully submitted,

                                            MELINDA HAAG
                                            United States Attorney

                                            _____/s/_____
                                            William Frentzen
                                            Joseph Alioto
                                            Assistant United States Attorneys

UNITED STATES' RESPONSE TO DEFENDANT ELLIS' MOTION TO SUPRESS EVIDENCE
CR-13-00818 PJH