BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

JOSEPH ALIOTO (CABN 215544)
WILLIAM FRENTZEN (LABN 24421)
SCOTT D. JOINER (CABN 223313)
Assistant United States Attorneys

  1301 Clay Street, Suite 340S
  Oakland, California 94612
  Telephone: (415) 436-7200
  Fax: (415) 436-6753
  Joseph.Alioto@usdoj.gov
  William.Frentzen@usdoj.gov
  Scott.Joiner@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 13-00818 PJH |
|   Plaintiff, | UNITED STATES' SUPPLEMENTAL OPPOSITION TO DEFENDANT ELLIS' MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANT |
|   v. | |
| PURVIS ELLIS, et al., | |
|   Defendants. | |

**INTRODUCTION**

The government submits this supplemental briefing pursuant to the Court's August 17, 2015 Order (ECF No. 117).  For the reasons stated below, the Court should deny defendant's motion for disclosure of the confidential informant without a hearing.

**POINTS AND AUTHORITIES**

**A.      The *Roviaro* Privilege Extends With Equal Force to Communications or Other Facts That Tend to Reveal the Informant's Identity.**

It is well established that the government may withhold the identity of a confidential informant pursuant to the privilege recognized in *Roviaro v. United States*, 353 U.S. 53, 60-64 (1957).  *See also McCray v. Illinois*, 386 U.S. 300, 312–13 (1967) (holding that disclosure of the identity of an informer who provided information constituting probable cause for a warrantless search was not constitutionally required).

This privilege extends far beyond the actual name of the informant, however, and applies with equal force to facts which would "tend to reveal the informant's identity."  *United States v. Napier*, 436 F.3d 1133, 1136 (9th Cir. 2006).  As the Ninth Circuit held in *Napier*:

> The privilege identified in *Roviaro* protects more than just the name of the informant and extends to information that would tend to reveal the identity of the informant…The purpose of the privilege is to protect the anonymity of the confidential source… Thus, the information … which would tend to reveal the informant's identity, is protected to the same extent as the confidential informant's name.

*Id.*  In the present case, the privilege allows the government to withhold not only the name of the confidential informant, but also the information which was provided by the confidential informant and included in the warrant affidavits now being challenged by the defendants.  As explained in the government's *ex parte* submission (provided for *in-camera* review concurrently with this brief), the redacted information in the search warrant affidavits cannot be disclosed without revealing the identity of the confidential informant.

**B.      The Defendant's Desire to Challenge Probable Cause Does Not Justify Disclosure.**

In his motion, the defendant repeatedly attempts to convince the Court that disclosure is required where the informant provides information later used to establish probable cause.  It is not, and defendant's claims to the contrary are incorrect.  Courts have long held that a defendant's desire to

1    evaluate probable cause – without more – is insufficient to trigger disclosure. [1]  To the contrary, under

2    Ninth Circuit authority, disclosure of a confidential informant's identity is not required where, as here,

3    "the sole ground for seeking that information is to establish the existence of probable cause…." *United*

4    *States v. Fixen*, 780 F.2d 1434, 1439 (9th Cir. 1986) (trial court need not require federal agents to

5    disclose the identity of a reliable informant where issue is probable cause for arrest) (quotation omitted).

6    This Court previously had occasion to evaluate the privilege under similar circumstances in *United*

7    *States v. Gomez*, No. CR 13-00282-PJH.  As the Court explained in *Gomez*:

8        In *McCray v. Illinois*, 386 U.S. 300, 313–14 (1967), the Supreme Court recognized that the
         informant's privilege, in the context of suppression hearings, may preclude the defendant from

9        cross-examining the informant and, for that matter, from cross-examining officers regarding the
         informant's identity.  Disclosure of an informant's identity is within the trial court's discretion

10       and is not required simply because the informant's information relates to probable cause. *United
         States v. Alexander*, 761 F.2d 1294, 1303 (9th Cir. 1985); *United States v. Anderson,* 509 F.2d

11       724, 728–30 (9th Cir. 1974).  Under Ninth Circuit authority, it is well-settled "that 'a trial court
         need not require federal agents to disclose the identity of a reliable informant where the sole

12       ground for seeking that information is to establish the existence of probable cause for arrest.'"
         *United States v. Fixen*, 780 F.2d 1434, 1439 (9th Cir. 1986) (quoting *United States v. Mehciz,*

13       437 F.2d 145, 149 (9th Cir. 1971)).  *See also McCray,* 386 U.S. at 311 ("Much less has the Court
         ever approached the formulation of a federal evidentiary rule of compulsory disclosure where the

14       issue is the preliminary one of probable cause, and guilt or innocence is not at stake"); *United
         States v. Marshall,* 526 F.2d 1349, 1359 (9th Cir. 1975) (no right to disclosure of informant

15       "who provided only information which, combined with other facts, gave the officers probable
         cause to arrest").

16

17   *United States v. Gomez*, No. CR 13-00282 PJH, 2014 WL 1089288, at *9 (N.D. Cal. Mar. 14, 2014).

18   The authorities cited above apply with equal force here and preclude disclosure of the informant's

19   identifying information.

20           **C.    Disclosure of the Informant's Identifying Information is Not Required Here and
                     Would Pose a Grave Risk of Violent Retaliation.**

21

22           The Ninth Circuit applies a three-factor test to determine whether an informant's identity should

23   be disclosed: (1) the degree of the informant's involvement in the criminal activity; (2) the relationship

24

---

25   [1]      As one commentator observed, "The informer's privilege, of course, was well established long
     before the Fourth Amendment exclusionary rule came into being. But while existing law made it clear

26   that the privilege must give way when disclosure was necessary to avoid the risk of false testimony,
     courts and commentators seldom perceived such a necessity in the exclusionary rule context."  2 W.

27   LaFave, SEARCH & SEIZURE: A TREATISE ON THE FOURTH AMENDMENT § 3.3(g) (5th ed. Supp. 2014).
     *See also* Napier, 436 F.3d at 1136-37 (noting that due process requirements at suppression hearings are

28   less elaborate and demanding than those at trial).

between the defendant's asserted defense and the likely testimony of the informant; and (3) the government's interest in nondisclosure.  *United States v. Gonzalo-Beltran*, 915 F.2d 487, 489 (9th Cir. 1990).  All three factors weigh heavily against disclosure here.

*First*, as described in the government's ex parte submission, the informant played no role in the offenses with which the defendants are charged, is not a percipient witness to the charged crimes, and will not be called to testify at trial.  *Napier*, 436 F.3d at 1135, 1139 (disclosure properly denied by district court where defendant charged with possession, not charged with sales to confidential informant for whom defendant sought disclosure).

*Second*, as also described in the government's ex parte submission, the informant does not otherwise possess information which would be relevant and helpful to the defense or critical to a fair trial.  To the contrary, the evidence to be used against the defendants at trial has been independently developed by law enforcement.  In this context, the defendants cannot make the requisite threshold showing that disclosure would be relevant to their defense.  *See United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2000) (neither disclosure nor in camera hearing required where informant's identity "would not have explained away the most convincing evidence of [defendant's] guilt").  The informant's involvement in this case instead relates to the information provided in support of the search and arrest warrants.

As noted above, the defendants' desire to challenge probable cause is not enough to require disclosure.  The reason behind this authority is simple.  The defendant's interest in a fair trial can be adequately protected by the Court's *in-camera* review of the unredacted affidavits which were previously submitted.  *See, e.g.*, *Fixen*, 780 F.2d at 1439 (disclosure not required where sole ground for seeking information is to establish probable cause); *United States v. Anderson*, 509 F.2d 724, 730 (9th Cir. 1974) (*in camera* proceeding appropriate means for determining whether the informant's identity and testimony would be relevant and helpful to defense); *United States v. Rawlinson*, 487 F.2d 5, 7 (9th Cir. 1973) (same).  The courts of this district have also repeatedly relied on *ex parte, in-camera* review to determine whether to order disclosure of facts which would identify a confidential informant.  *See, e.g.*, *United States v. Bass,* No. CR 14-00650-CRB, ECF No. 23 (Apr. 2, 2015 Order re Ex Parte Submission) (denying disclosure of search warrant affidavit after in-camera review because disclosure

1   would "tend to reveal the informant's identity."); *United States v. Daniels*, No. CR 13-00523-WHO,

2   ECF No. 32 (Mar. 14, 2014 Order Requiring Disclosure of Redacted Statement of Probable Cause);

3   *United States v. Farias*, No. CR 11-0647 RS MEJ, 2012 WL 1424759, at *1 (N.D. Cal. Apr. 24, 2012)

4   (Order Re: Joint Discovery Dispute Letter); *United States v. Farias*, No. CR 11-00647-RS, ECF No. 28

5   (Jun. 18, 2012 Order Overruling Defendant's Objections to Magistrate Judge's Discovery Order).

6   It is appropriate and constitutionally sound for the Court to exclude defense counsel and the

7   defendant from the *in camera* review.  *See, e.g.*, *Anderson*, 509 F.2d at 730.  Even in the context of a

8   motion to suppress, where the defendant is deprived of the ability "to suggest reasons why probable

9   cause was lacking," the court may conduct the proceeding *ex parte, in camera* because "the task of

10  deciding whether… probable cause existed [is] precisely the type of inquiry that can be resolved

11  accurately on an *ex parte, in camera* basis." *Moeller v. Lockyer*, No. CIV. S-01-2351 FCD J, 2009 WL

12  3169967, at *5 (E.D. Cal. June 23, 2009) (citing *New York v. Castillo*, 607 N.E.2d 1050 (1992) with

13  approval), *aff'd sub nom*, *Moeller v. Harris*, 428 F. App'x 771 (9th Cir. 2011).  As the Ninth Circuit

14  highlighted in *Anderson*, "If a trial judge is satisfied that an in camera hearing *in which neither the*

15  *defendant nor his attorney participates* is adequate to explore the foundations of the informant's

16  information, no disclosure is necessary."  *Anderson*, 509 F.2d at 730 (emphasis added).[2]

17  *Third*, the government and the public have a powerful interest in nondisclosure – to keep the

18  confidential informant safe, to maintain the government's credibility with cooperating informants, and to

19  preserve other investigations.  *See, e.g.*, *Napier*, 436 F.3d at 1136 (recognizing strong governmental

20  interest in maintaining integrity of ongoing criminal investigations and ensuring informant safety).  In

21  the present case, the extreme risk to the confidential informant is underscored by the defendants'

22  membership in the Sem City gang – a gang known for murder, attempted murder, robbery, narcotics

23  trafficking, and the illegal possession of firearms.  As explained in the government's *ex parte*

24

25  _____

    [2]      Pursuant to the precedents cited above, if an in-camera review of the unredacted search warrants

26  is not sufficient to rule on the motions to suppress, the Court may hold an *ex parte*, *in camera* hearing
    for the purposes of examining Sergeant Valle regarding the confidential informant and probable cause.

27  As part of this procedure, the Court may also deem it appropriate to provide defense counsel with the
    opportunity to submit written questions.  As described above, this procedure would preserve the public's

28  and the government's interest in protecting the identity of the confidential informant while at the same
    time preserving the defendant's right to a fair trial.

1  submission, there is little doubt that the informant's life would be in danger – both as deterrence and as

2  revenge – should the informant's identity be disclosed.  Further, the informant remains active in ongoing

3  investigations.  As such, there is no question that ongoing and future investigations would be

4  compromised by disclosure of the defendant's identity (including to defense counsel).[3]

5          All of the factors described above weigh heavily against disclosure here.

6                                          **CONCLUSION**

7          For the foregoing reasons, defendant Ellis' motion should be denied without a hearing.

8

9  DATED: September 16, 2015                     Respectfully submitted,

10

11                                              BRIAN J. STRETCH
                                                Acting United States Attorney

12

                                     By:  _____/s/_____
13                                         SCOTT D. JOINER
                                           JOSEPH M. ALIOTO JR.
14                                         WILLIAM FRENTZEN
                                           Assistant United States Attorneys

15

16

17

18

19

20

21

22

23

24

25  _____

26  [3]      Attorney's eyes only disclosure of the search warrant affidavits in unredacted form to defense
    counsel would also be inappropriate for the reasons stated above.  As further outlined in the
    government's *ex parte* submission, it would impermissibly undermine the government and the public's
27  interest in (i) encouraging informants to come forward and (ii) protecting the integrity of ongoing and
    future investigations.  In addition, it would also unnecessarily increase the risk of inadvertent disclosure
28  of the informant's identity by increasing the number of people who are aware of identifying information
    about the informant.