UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>　　　　　Plaintiff,<br>　　v.<br>DEANTE TERRANCE KINCAID,<br>　　　　　Defendant. | Case No. 13-cr-00818-PJH-2　(DMR)<br><br>**ORDER ON DEFENDANT'S RULE 17(B) REQUEST FOR SUBPOENA** |

Defendant Deante Kincaid submitted an ex parte application for the issuance of a Federal Rule of Criminal Procedure 17(c) subpoena pursuant to Federal Rule of Criminal Procedure 17(b) and Criminal Local Rule 17-2(a)(1). He requested that the application be filed under seal pursuant to Civil Local Rule 79-5(b). For the following reasons, the ex parte application and request to file the application under seal are denied without prejudice.

**I.　DISCUSSION**

"A criminal defendant has both a constitutional right to obtain evidence which bears upon the determination of either guilt or punishment, and a Sixth Amendment right to process." *United States v. Tomison*, 969 F. Supp. 587, 593 (E.D. Cal. 1997) (citations omitted). "Rule 17(c) implements both the right to obtain the evidence and to require its production." *Id*. (citations omitted). Under Rule 17(c), a party may subpoena a witness to produce "any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1).[1] The

---

[1] Rule 17(b) provides that "[u]pon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas." This procedure "was added to Rule 17(b) so that indigent defendants would be on the same footing as other defendants and the government when deciding whether to apply for a subpoena for production at trial." *United States v. Tomison*, 969 F.Supp. 587, 590 n.5 (E.D. Cal. 1997).

proponent of a Rule 17(c) pretrial subpoena must demonstrate "(1) relevancy; (2) admissibility; [and] (3) specificity." *United States v. Nixon*, 418 U.S. 683, 700 (1974); *see also United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981). The proponent must also show that the materials sought "are not otherwise procurable reasonably in advance of trial by exercise of due diligence," that "the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial," and that "the application is made in good faith and is not intended as a general 'fishing expedition.'" *Nixon*, 418 U.S. at 699-700 (citing *United States v. Iozia*, 13 F.R.D. 335, 338) (S.D.N.Y. 1952)).

Criminal Local Rule 17-2(a) states that a court order is required to issue a Rule 17(c) subpoena. It provides that a party may obtain the issuance of a subpoena by filing either a noticed motion or, "for good cause, an *ex parte* motion without advance notice to the opposing party." Crim. L.R. 17-2(a)(1). Any party seeking a subpoena must support its request with a declaration "specifying the facts supporting the issuance of the subpoena." *Id.* Under Local Rule 17-2(a)(1), "[a]n *ex parte* motion and order thereon may be filed under seal for good cause."

Kincaid's bare bones ex parte application, submitted with a supporting declaration by his attorney, does not currently satisfy the requirements of Rule 17(c). Through the subpoena, Kincaid seeks the production of information that he claims is relevant and material to his defense. However, his counsel's declaration does not specifically explain which information requested by the subpoena is presently connected to Kincaid and how. Further, his counsel fails to address the admissibility and specificity requirements necessary to obtain a Rule 17(c) subpoena. *See Nixon*, 418 U.S. at 700. The application also does not satisfy the requirements of Criminal Local Rule 17-2(a)(1), which authorizes an ex parte motion for a Rule 17(c) subpoena only upon a showing of good cause. Counsel does not set forth any specific facts or arguments showing good cause for proceeding ex parte without advance notice to the government; instead, he makes general statements from which the court must attempt to infer his position. Finally, and for similar reasons, the court finds that Kincaid has not shown good cause to file the application under seal. *See* Criminal L.R. 17-2(a)(1) ("[a]n ex parte motion . . . may be filed under seal for good cause.").

Accordingly, the application and request to file the application under seal are denied

without prejudice.  Kincaid may supplement his application and request for sealing with facts and argument addressing the deficiencies noted above.  Any such supplementation shall be submitted by no later than **August 17, 2017**.  The court hereby stays its order denying Kincaid's request to seal the application pending the submission of any supplemental application and request for sealing.

**IT IS SO ORDERED.**

Dated: August 4, 2017

_____
Donna M. Ryu
United States Magistrate Judge