UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DEANTE KINCAID,<br>Defendant. | Case No. 13-cr-00818-PJH-2<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 404 |

Defendant Deante Kincaid is currently serving a sentence imposed by this court. Before the court is Kincaid's motion for appointment of counsel to help him with filing a motion to seek relief deemed necessary in light of the recent Supreme Court decision in *United States v. Davis,* 139 S. Ct. 2319 (June 24, 2019). Dkt. no. 404. In *Davis,* the Court reviewed a challenge to 18 U.S.C. § 924(c), which authorizes heightened criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." *Id.* at 2324 (citing 18 U.S.C. § 924(c)(1)(A)). The statute defines "crime of violence" in two subparts—the first known as the elements clause (a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"), and the second known as the residual clause (a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"). *Id.* (citing § 924(c)(3)). The Supreme Court held that the second subpart, or residual clause, of the "crime of violence" definition in § 924(c)(3)(B) is unconstitutionally vague. *Id.* at 2336. The Court in *Davis*

did not invalidate the elements clause of the "crime of violence" definition in § 924(c)(3)(A).

Kincaid was convicted of the following counts: Count One for racketeering conspiracy in violation of 18 U.S.C. § 1962(d); Count Six for assault with a dangerous weapon/resulting in serious bodily injury in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3); and Count Seven for use/possession/brandish/and discharge of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). He argues that his case has similarities to *Davis* and seeks appointment of counsel to seek relief under *Davis,* which the court construes as a request for appointment of counsel to file a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255.

The Sixth Amendment's right to counsel does not apply in habeas actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require." Generally, the decision to appoint counsel is within the district court's discretion. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The purpose of § 3006A is to provide appointed counsel whenever the failure to do so would amount to a denial of due process. *Id.* Accordingly, in determining whether to appoint counsel, the district court should weigh the ability of a pro se petitioner to present forcefully and coherently his contentions based on a good understanding of the issues. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987). Where an evidentiary hearing must be held, however, appointment of counsel is mandatory. *See Chaney*, 801 F.2d at 1196; *see also* Rule 8(c), Rules on Motion Attacking Sentence Under Section 2255.

The court finds here that the issues raised by Kincaid are not complex and the interests of justice do not require appointment of counsel at this time. Accordingly, Kincaid's request for appointment of counsel is DENIED.

The Clerk is directed to serve defendant Deante Kincaid with a copy of this order and a copy of the form and instructions for filing a § 2255 motion to vacate, set aside or

correct the sentence.

**IT IS SO ORDERED.**

Dated: July 17, 2019

PHYLLIS J. HAMILTON
United States District Judge