UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 13-cr-00818-PJH-2 |
|---|---|
| Plaintiff, | |
| v. | **ORDER RE RULE 59 MOTION** |
| DEANTE TERRANCE KINCAID, | Re: Dkt. No. 482 |
| Defendant. | |

Defendant in the above-captioned case first filed a pro se motion styled as a Rule 60(b) motion, seeking a ruling regarding defendant's right to seek compassionate release under 18 U.S.C. § 3582. See Dkt. 480.  The court noted that, because defendant had not yet actually filed a motion for compassionate release, the issue was "not yet ripe."  Dkt. 481 at 1.

Defendant has now filed a pro se motion styled as a Rule 59 motion, seeking the same relief.  See Dkt. 482.  Specifically, defendant asks the court to "clarify on the record that he has the right to file [a] 3582" motion, and asks the court to preclude the government from arguing that he has waived his right to seek relief.  Id. at 2.

As before, defendant is asking the court to rule on an issue that is not yet ripe. The government has not yet made any argument that defendant has waived his right to seek relief under section 3582.  If the government makes that argument, the court will allow defendant an opportunity to respond, and will then issue a decision.

By asking the court to state, in advance, that the government may not assert a waiver argument, defendant is asking the court to issue an advisory opinion regarding his

future right to file a compassionate release motion.  The rule against advisory opinions prevents a court from ruling unless there is a "justiciable dispute" between the parties. See, e.g., Center for Biological Diversity v. United States Forest Service, 925 F.3d 1041, 1047 (9th Cir. 2019); see also U.S. v. Waterhouse, 52 Fed.Appx. 50, 51 (9th Cir. 2002) (citing Hillblom v. United States, 896 F.2d 426, 430 (9th Cir. 1990) for proposition that "federal courts do not render advisory opinions.").

If defendant does file a compassionate release motion, and if the government then argues that defendant has waived his right to seek compassionate release, then at that time there will be a "justiciable dispute" and the court will rule on the issue.  Until then, the court does not have power to rule on an issue where there is no present dispute before the court.  Defendant's Rule 59 motion is DENIED.

**IT IS SO ORDERED.**

Dated:  November 9, 2021

      /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge