UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br>v.<br>DEANTE TERRANCE KINCAID,<br>  Defendant. | Case No. 13-cr-00818-PJH-2<br><br>**ORDER DENYING RULE 60(b) MOTION**<br><br>Re: Dkt. No. 484 |

Before the court is the pro se motion of defendant Deante Terrance Kincaid, filed under Rule 60(b). See Dkt. 484. The government has filed an opposition to the motion, and defendant has filed a reply. See Dkt. 496, 498. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

A. **Background**

Defendant pled guilty to one count of racketeering conspiracy, one count of assault with a dangerous weapon resulting in serious bodily injury in aid of racketeering, and one count of use, possession, and brandishing a firearm in furtherance of a crime of violence. See Dkt. 344. On February 28, 2018, the court sentenced defendant to a total term of imprisonment of 276 months, to be followed by a total term of supervised release of five years. See Dkt. 375, 381.

On July 24, 2020, defendant filed a pro se § 2255 motion with the court. See Dkt. 440. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the court conducted a preliminary review of the motion.

See Dkt. 448. After considering the motion, files, records, and relevant authority, the court determined that the motion "conclusively shows that defendant is entitled to no relief" and denied the motion. See id. at 7.

Defendant has now filed a motion, styled as a Rule 60(b) motion. See Dkt. 484. Defendant's motion primarily challenges his conviction and sentencing under 18 U.S.C. § 924(c) for use, possession, and brandishing a firearm in furtherance of a crime of violence. See id. at 3-11. Defendant's motion also argues that "his sentence was based on a finding that he brandished a firearm even though a jury did not find brandishing." Id. at 11-15.

**B.    Legal standard**

A federal prisoner who is "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States" may file a § 2255 motion with the district court that imposed the sentence. 28 U.S.C. § 2255(a). "As a general rule, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011) (internal citations omitted). If the district court denies the § 2255 petition, the petitioner may not bring a "second or successive" petition without first obtaining a certification from the court of appeals. See id.; 28 U.S.C. § 2255(h).

This circuit has recognized that "petitioners often attempt to characterize their motions in a way that will avoid" the certification requirement, including by "characteriz[ing] their pleading as being a motion under Rule 60(b) of the Federal Rules of Civil Procedure, which allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." Washington, 653 F.3d at 1059.

Specifically, Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b);

School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993).

The Supreme Court has stated that, in most cases, determining whether a Rule 60(b) motion should be treated as a "second or successive" habeas petition will be "relatively simple." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). "A motion that seeks to add a new ground for relief" will "of course qualify" as a second or successive petition. Id. In contrast, if the motion "attacks, not the substance of the federal court's resolution of the claim on the merits, but some defect in the integrity of the federal habeas proceedings," then it will not be treated as a second or successive petition subject to the certification requirement. Id. at 532-33.

If a district court determines that the motion is a second or successive § 2255 petition, the court lacks jurisdiction to hear the motion. See Washington, 653 F.3d at 1065; see also United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998).

**C.  Analysis**

In this case, defendant presents two arguments: (1) the indictment charging him under 18 U.S.C. § 924(c) was legally insufficient because it either failed to charge him with a crime or was duplicitous, and (2) his right to a jury trial was violated on the issue of whether he brandished a firearm. See Dkt. 484 at 1-12.

The arguments raised by defendant do not allege a "defect in the integrity of the federal habeas proceedings." Instead, defendant's motion raises new claims regarding the legality of his detention. Thus, while styled as a Rule 60(b) motion, defendant's filing is in substance a second or successive habeas petition under § 2255. Accordingly, because defendant has not obtained a certification from the Ninth Circuit, the court lacks jurisdiction to consider the petition. Defendant's motion is thus DENIED.

**IT IS SO ORDERED.**

Dated: June 6, 2022

    /s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge