UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>DEANTE KINCAID,<br>　　　　Defendant. | Case No. 13-cr-00818-PJH-2<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br>Re: Dkt. No. 531 |

　　　　The defendant in the above-captioned case has filed a pro se motion for appointment of counsel. See Dkt. 531. Defendant cites recent Supreme Court and circuit court precedent regarding convictions for a "crime of violence" under 18 U.S.C. § 924(c), and then "request[s] the court to appoint counsel to help file the proper motion to correct, vacate, or set aside his unconstitutional 924(c) conviction." Id. at 1. The court construes defendant's request as one for appointment of counsel to file a motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.

　　　　The Sixth Amendment's right to counsel does not apply in habeas actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require." Generally, the decision to appoint counsel is within the district court's discretion. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). The purpose of § 3006A is to provide appointed counsel whenever the failure to do so would amount to a denial of due process. Id.

The court notes that defendant has previously filed a motion for appointment of counsel, which was also sought in connection with the filing of a § 2255 motion to challenge his conviction under § 924(c).  See Dkt. 404.  The court denied that first motion, concluding that the interests of justice did not require appointment of counsel at that time.  See Dkt. 406.

Defendant subsequently filed a pro se § 2255 motion, challenging his conviction under § 924(c).  See Dkt. 440.  The court denied the motion after it "determine[d] that the motion conclusively shows that defendant is entitled to no relief."  See Dkt. 448 at 7.

Next, defendant filed a motion styled as a Rule 60(b) motion for reconsideration.  See Dkt. 484.  However, after review of the motion, the court concluded that, "while styled as a Rule 60(b) motion, defendant's filing is in substance a second or successive habeas petition under § 2255."  See Dkt. 511 at 3.  The court noted in its previous order that a federal prisoner who is "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States" may file a § 2255 motion with the district court that imposed the sentence, but if the district court denies the § 2255 petition, the petitioner may not bring a "second or successive" petition without first obtaining a certification from the court of appeals.  See 28 U.S.C. § 2255(h).  If a district court determines that the motion is a second or successive § 2255 petition, the court lacks jurisdiction to hear the motion.  See United States v. Washington, 653 F.3d 1057, 1065 (9th Cir. 2011); see also United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998).  Accordingly, because defendant had not obtained a certification from the Ninth Circuit, the court determined that it lacked jurisdiction to hear the motion.  See Dkt. 511 at 3.

Now, defendant seeks appointment of counsel to file another § 2255 petition, but defendant has not indicated that he has obtained certification from the Ninth Circuit to file any such petition.  And for the reasons explained above, the court would lack jurisdiction to hear any such petition, absent Ninth Circuit certification.  Thus, the court directs defendant to provide the court with either (1) a copy of any certification to file a second or

successive petition that he has obtained from the Ninth Circuit, or (2) legal authority that excuses him from the requirement to obtain such certification.  Defendant is directed to provide a response no later than **March 15, 2023**.

As to defendant's motion for appointment of counsel (Dkt. 531), the court concludes that the interests of justice do not require appointment of counsel at this time, and defendant's motion for appointment of counsel is denied without prejudice to renewal should defendant have or obtain certification to proceed with a second 2255 motion.

**IT IS SO ORDERED.**

Dated:  February 2, 2023

/s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge