UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEANTE KINCAID,<br><br>　　　　Defendant. | Case No. 13-cr-00818-PJH-2<br><br>**ORDER RE MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 578 |

　　　　Defendant Deante Kincaid has filed a motion for appointment of counsel.  See Dkt. 578.  Defendant asks that the court appoint counsel "for a case review based on the revised version of the U.S. Sentencing Guidelines to seek and/or review if any of the Amendments 814 through 821 apply to petitioner's unconstitutional sentence and/or conviction corrected."  Id. at 1.

　　　　The court advises defendant that this court's Miscellaneous Order 2023.10.10 addresses the issue of Amendment 821 (and Amendment 825), and provides that the court "shall promptly notify the Federal Public Defender of all pending or new *pro se* motions seeking sentence reductions under the retroactive provisions of Amendment 821," and that "[t]he Federal Public Defender will then have 28 days from the filing of a *pro se* motion seeking relief under the retroactive provisions of Amendment 821 to decide whether to assume representation of the defendant."  See Misc. Order 2023.10.10.

　　　　In other words, if defendant were to file a pro se motion seeking a sentence reduction, that motion would be referred to the Federal Public Defender's office, who would then decide whether to represent defendant.  However, because there is no Sixth

Amendment right to counsel with respect to a motion for sentence reduction, see <u>United States v. Townsend</u>, 98 F.3d 510, 512-513 (9th Cir. 1996), the court will not appoint counsel before any such motion is filed. Accordingly, defendant's present motion for appointment of counsel is denied without prejudice, and may be renewed in conjunction with a pro se motion for reduction of sentence.

**IT IS SO ORDERED.**

Dated: February 2, 2024

/s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: RETROACTVE APPLICATION OF 2023 CRIMINAL HISTORY AMENDMENTS TO THE UNITED STATES SENTENCING GUIDELINES

**MISCELLANEOUS ORDER 2023.10.10**

Under the Criminal Justice Act, Title 18, U.S.C. § 3006A(a)(1) & (c), the Office of the Federal Public Defender for the Northern District of California is hereby appointed to represent any defendant previously determined to have been entitled to appointment of counsel or who is presently indigent to determine whether that defendant may qualify for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Sentencing Guidelines Amendment 821, specifically Criminal History Amendments Part A (Status Points under § 4A1.1) and Part B, Subpart 1 (Zero-Point Offenders), made retroactive by recent amendment. *See* U.S.S.G. App. C., amends. 821, 825. To the extent that the defendant may qualify for relief, the Federal Public Defender is also appointed to file the appropriate motion for relief based on these two retroactive amendments under 18 U.S.C. § 3582(c)(2).

Should the Federal Public Defender determine that a prohibitive conflict prevents it from assuming appointment for an individual defendant, a member of the Criminal Justice Panel of this District shall be appointed according to the regular procedures of our District for the appointment of counsel.

The U.S. Probation Office for the Northern District of California shall provide the Federal Public Defender and the U.S. Attorney's Office complete lists, generated by Probation's data quality analyst from the PACTS database, of all known defendants who received zero Criminal History points or received two "status points" under U.S.S.G. § 4A1.1(d), and who are projected to still be in the custody of the Bureau of Prisons as of February 1, 2024.

The U.S. Probation Office and the Clerk's Office for the Northern District of California are authorized, without further order of the Court, to disclose to the Federal Public Defender, the CJA counsel appointed under this order, and the U.S. Attorney's Office, documents from the defendant's court file that are not publicly available through the judiciary's Public Access to Court Electronic Records ("PACER") service to evaluate the defendant's eligibility for relief and potential conflicts, and to litigate the defendant's motion for relief. The Probation Office and the Clerk's Office may disclose charging documents, plea agreements, Presentence Investigation Reports, Judgments, Statements of Reasons, U.S.S.G. §5K1.1 motions and orders, and any other sealed or restricted case documents.

The Clerk's Office shall promptly notify the Federal Public Defender of all pending or new *pro se* motions seeking sentence reductions under the retroactive provisions of Amendment 821. The Federal Public Defender will then have 28 days from the filing of a *pro se* motion seeking relief under the retroactive provisions of Amendment 821 to decide whether to assume representation of the defendant. The Court should not take any action on the defendant's *pro se*

filing until either the 28 days expire or the parties file a status report, motion, or stipulation, whichever is earlier.

Pursuant to Criminal Local Rule 44-2(a), counsel may inform the Court of his or her appearance on behalf of the defendant by electronically filing a notice of appearance. No separate court appearance for identification of counsel is required.

Upon the filing of a *pro se* or counseled motion or a proposed stipulation seeking relief under Amendments 821 and 825, the Clerk of the Court shall docket the matter under the case number of the underlying case and assign it to the Judge who presided over the underlying case for disposition pursuant to Criminal Local Rule 47-1 (Motion in a Criminal Case) or 47-4 (Stipulation), respectively. If the Judge in the original proceeding is no longer a member of the Bench of this District, the case shall be reassigned pursuant to General Order 44.D.

**IT IS SO ORDERED**

Dated: October 10, 2023

_____
RICHARD SEEBORG
CHIEF UNITED STATES DISTRICT JUDGE