UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br>    v.<br>DEANTE KINCAID,<br>  Defendant. | Case No. 13-cr-00818-PJH-2<br><br>**ORDER RE MOTION FOR SENTENCE REDUCTION**<br><br>Re: Dkt. No. 591 |

Defendant Deante Kincaid has filed a pro se motion for sentence reduction. See Dkt. 591. The motion seeks relief under Part A of Amendment 821 to the United States Sentencing Guidelines, and the court construes the motion as seeking relief under 18 U.S.C. § 3582(c).

Before filing this motion, defendant previously filed a motion for appointment of counsel. See Dkt. 578. The court denied the motion to appoint counsel, but noted in the order that, pursuant to this court's Miscellaneous Order 2023.10.10 regarding Amendment 821, "if defendant were to file a pro se motion seeking a sentence reduction, that motion would be referred to the Federal Public Defender's office, who would then decide whether to represent defendant." See Dkt. 584 at 1. However, the court also noted that "there is no Sixth Amendment right to counsel with respect to a motion for sentence reduction." Id. at 2.

After this motion for sentence reduction was filed, it was indeed referred to the Federal Public Defender's Office pursuant to the Miscellaneous Order cited above. See Dkt. 594 at 1. The Federal Public Defender's Office filed a statement indicating that,

while it "takes no position on his motion," the FPD "does not intend to assume representation" of defendant. Id.

The government and the Probation Office have both filed responses to defendant's motion. See Dkt. 595, 597.

As mentioned above, defendant's motion is based on Part A of Amendment 821 to the U.S. Sentencing Guidelines. See Dkt. 591. As relevant to this motion, Amendment 821 reduced the number of "status points" that an individual receives for their criminal history, such that a person with 7 or more criminal history points now receives one additional "status point" (rather than two, under the pre-amendment Guidelines). See U.S.S.G. § 4A1.1(e). The Sentencing Commission has stated that this amendment applies retroactively. See, e.g., U.S.S.G. § 1B1.10(e)(2), n. 7.

The Probation Office's response states that, at sentencing, defendant received 10 points for his criminal history, plus an additional two "status points" under the pre-amendment Guidelines, for a total of 12, which resulted in Criminal History Category V. See Dkt. 595 at 1. Pursuant to Amendment 821, defendant would now receive just one additional "status point," for a total of 11, which is still in Criminal History Category V. See id. For that reason, the Probation Office concludes that defendant is not eligible for a sentence reduction.

The government makes the same argument in its opposition brief. See Dkt. 597.

Based on the arguments presented by the parties, and on the language of the amended Sentencing Guidelines itself, the court concludes that defendant is indeed ineligible for a sentence reduction based on Amendment 821. Accordingly, defendant's motion for sentence reduction is DENIED.

**IT IS SO ORDERED.**

Dated: August 12, 2024

/s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge

2